BRASSINGTON v. WALDRON.

1. EQUITY—PRACTICE—BILL—AVERMENTS SHOWING JURISDICTION
—AMOUNT IN CONTROVERSY.
   Where there is nothing in the bill to show the amount in con-
   troversy, and an answer is filed claiming the benefit of a de-
   murrer, followed by replication, and defendant does not plead
   the inadequacy of the amount in controversy, there is noth-
   ing to warrant dismissal of the bill under section 435, 1 Comp.
   Laws, and the court should not dismiss upon that ground un-
   til the proofs show the inadequacy.

2. SAME—ANSWER—DEMURRER CLAUSE—SEPARATE HEARING.
   The practice of a separate hearing on a demurrer clause in an
   answer is condemned.

3. INJUNCTION—TRESPASS—IRREPARABLE INJURY.
   A threatened trespass may be enjoined upon a showing of irrep-
   arable injury.

Appeal from Oceana; Russell, J.   Submitted February
27, 1906.   (Docket No. 202.)   Decided March 13, 1906.

Bill by James Brassington and Ida Brassington against
Hanley A. Waldron, Elvira S. Waldron, and Grove S.
Waldron to enjoin a trespass.   From a decree dismiss-
ing the bill for want of jurisdiction, complainants appeal.
Reversed, and record remanded.

*James Brassington* and *F. E. Wetmore*, for complain-
ants.

*Skeels & Robinson* and *J. D. S. Hanson*, for defend-
ants.

HOOKER, J.   The bill of complaint in this cause did not
show that the value of the property in controversy
amounted to $100.   An answer claiming the benefits of a

demurrer was filed, followed by replication. The cause came on for hearing upon pleadings and proofs to be taken in open court, when the court, after refusing permission to amend, dismissed the bill upon the ground that it did not show jurisdiction under section 435 of the Compiled Laws. It will be noticed that the provision is that the court shall dismiss suits where the matter in dispute shall not exceed $100, etc. The statute does not make an allegation of amount in dispute jurisdictional, and in New York, from which State the statute was taken, it has been held that where the fact that the amount in dispute does not exceed $100 is not shown by the bill, the remedy of the defendant is not to demur, but to raise the jurisdictional question by plea or answer, though he may insist on the objection at the hearing, where it appears, either by pleadings or proofs, that the value in controversy is below $100. See *Thomas* v. *McEwen,* 11 Paige (N. Y.), 132.

In the present case there was nothing in the bill to show what the amount in controversy was. The defendant did not plead inadequacy of amount in controversy. Hence there was nothing to warrant a dismissal under the terms of the statute, and the court should not have made such an order, upon that ground, until the proofs showed such inadequacy. If it be claimed that this bill was dismissed upon the demurrer clause in the answer, the course taken was erroneous, as the proofs should have been taken. . See *Lamb* v. *Jeffrey,* 41 Mich. 719. In *Zabel* v. *Harshman,* 68 Mich. 272, the practice of a separate hearing on a demurrer clause in an answer is condemned.

It is suggested that the bill fails to state an equitable cause of action, and that therefore the court did not err in dismissing the bill, whatever reason he may have given. The bill alleges a threatened trespass, and irreparable injury, and prays an injunction. While ordinarily a trespass will not be enjoined, it may upon a showing of irreparable injury. As the bill was answered, and, if occasion requires, may be amended in matters of form and sub-

stance, it should not have been dismissed upon such ground. See *Campbell* v. *Kent Circuit Judge,* 111 Mich. 575.

The decree is reversed, with costs of this court, and the record will be remanded for further proceedings.

CARPENTER, C. J., and MCALVAY, OSTRANDER, and MOORE, JJ., concurred.