GEORGE *v.* ROLLINS.

1. EQUITY—JURISDICTION—VALUE OR AMOUNT IN CONTROVERSY.
   Where the fact that the amount in controversy does not appear, from averments of the bill, to exceed $100, the proper practice is not to demur, since the defect is not fatal, but to raise the jurisdictional question by plea or answer, although it may be raised at the hearing, if it should appear from pleadings and proofs that the value or amount does not equal the required minimum.

2. SAME—ADEQUATE REMEDY AT LAW—CONTRACTS—TRADE NAMES.
   Complainant's bill, alleging that he sold a fur business to

defendants, to be conducted by a corporation to be formed thereafter, under the name of "The House of George," which was a valuable trade name, that it was stipulated in the contract of sale that complainant should be entitled, on 60 days' notice, to require defendants to cease using the said name, that he had served notice but defendants refused to comply with the contract, and, for the purpose of evading the conditions of the agreement, had conspired together to form a corporation to use the name aforesaid, sufficiently averred facts entitling complainant to relief in equity, and was not demurrable for failure to show that the value in controversy was $100 or upwards, or for the reason that there was an adequate remedy at law.

3. CONTRACTS—TRADE NAMES—INJUNCTION.

Where complainant made a sale of his retail fur business, under contract to discontinue the use of his name on request and 60 days' notice, defendants were not entitled to dissolve the original corporation doing business under complainant's name, and organize another to continue the business and adopt the name: the attempted evasion of the terms of the agreement was fraudulent and should be enjoined.

Appeal from Wayne; Hosmer, J.  Submitted January 13, 1913.  (Docket No. 76.)  Decided July 9, 1913.

Bill by Edwin S. George against Fred H. Rollins and others to restrain the use of a trade name.  From an order overruling a demurrer, defendants appeal. Affirmed.

*Lucking, Emmons & Helfman,* for complainant.
*Allan P. Cox,* for defendants.

McALVAY, J.  Defendants have appealed from an order of the circuit court for the county of Wayne, in chancery, overruling their demurrer to complainant's bill of complaint.

Complainant, in his bill as amended, alleged under oath that prior to December 7, 1909, he had been en-

176 MICH.—10.

gaged for some years in business in the city of Detroit and had, by his integrity, industry, and ability, acquired a standing and reputation in business and with the general public which is a valuable asset to him; that among other enterprises he had successfully conducted a retail business under the name of "The House of George," which was unincorporated, and his sole and individual business; that on the date above named complainant entered into a written contract with the defendants Fred H. Rollins and Josephine Cohen, whereby he sold to them and they purchased said fur business, partly for cash and the balance in deferred payments, to be secured by their shares of the capital stock in the corporation, which was to be formed and to be known as "The House of George" so long as complainant should retain his interest therein, and for a period of 10 years thereafter, subject to complainant's right—

"To demand in writing that the corporation shall so change its name as to eliminate therefrom the name 'George' within sixty days after the date of such notice, whereupon it is agreed that by appropriate action the name of said corporation shall be so changed."

The contract referred to is too long to quote in full in this opinion, and the only part of it material is that which relates to the right reserved by complainant upon notice to require the elimination of the name "George" from the business of the corporation.

Complainant alleges that the corporation was formed contemporaneously with the execution of the contract, and that on June 28, 1911, at a meeting of all the stockholders, the contract was ratified, confirmed, and adopted by the corporation, and it agreed to fully carry out its terms; that soon thereafter defendants Rollins and Cohen, above named, paid complainant in full for his entire interest, and he retired from the

business; that since July 1, 1911, he has been annoyed, almost daily, by receiving letters, invoices, bills, statements of account, and general correspondence, all pertaining to this fur business, conducted under the said corporate name of "The House of George," and great confusion has resulted therefrom; that the name "George" has no special connection with the fur business, but it is valuable thereto solely because of the reputation built up in such business by complainant; that on August 1, 1911, he gave defendants written notice, as provided in the contract between the parties, to eliminate the name "George" from the business and corporate name, but that defendants have refused so to do. Complainant charges, on information and belief, that defendants Fred H. Rollins and Josephine Cohen, conspiring together for the purpose of evading the provisions of said contract, for the purpose of continuing the use of the name "George" in said business, and of defrauding him and the public in continuing the same business, have caused the said corporation, The House of George, to be dissolved and a new corporation to be organized having the same name and the same total amount of stock, of which the two defendants above named own all but three shares; that the other three shares are held by Lillian Rollins, sister of defendant Rollins, Jeannette R. Cohen, sister of defendant Josephine Cohen, and George Harland; that these three persons have no real interest in the corporation, but are mere dummies for defendants Rollins and Cohen; that all of said actions and doings are in violation of the contract, and in derogation of the rights of complainant, and will cause complainant great loss and irreparable damage, remediable only in a court of equity.

The prayer of the bill of complaint, besides the ordinary prayer asking for an answer, prays for a temporary injunction against them from further pro-

ceeding with the organization of the corporation to be known as "The House of George," or from doing any other thing in any wise connected therewith, and from conducting or operating the said retail fur business in the city of Detroit, or elsewhere, under the name of "The House of George," or using the name "George" in connection with said fur business, or conducting it in any manner other than set forth in said contract; and that defendants, and each of them, be decreed to specifically perform the provisions of the contract; that a subpœna and injunction issue, and for general relief. A temporary injunction was issued upon filing the bill. Defendants appeared and demurred to the bill of complaint for the following reasons:

(1) Because it fails to show that there is a sufficient amount of money involved to give the court jurisdiction; (2) because there is no equity in the bill of complaint; (3) because the complainant has a complete and adequate remedy at law; (4) because it shows that defendants Fred H. Rollins and Josephine Cohen have fully performed the contract.

The appellants have included in the record the temporary injunction, the motion to dissolve the same, and affidavits in support of said motion. This motion has not been argued, therefore this portion of the record will be treated as surplusage. The demurrer of defendants admits as true all of the allegations of the bill of complaint which are well pleaded. The second and fourth grounds for demurrer do not require consideration.

The first contention relied upon by defendants in their demurrer is the statutory provision relative to the jurisdiction of circuit courts in chancery. This court has held that the statute does not make the allegation of the amount in dispute jurisdictional; and, where the fact that the amount in dispute does not exceed $100 is not shown by the bill, the remedy of

the defendant is not to demur, but to raise the juris-
dictional question by plea or answer, though he may
insist on the objection at the hearing, where it appears
from the pleadings or proofs that the value in con-
troversy is below the statutory amount. The court
said:

"In the present case there was nothing in the bill
to show what the amount in controversy was. The
defendant did not plead the inadequacy of the amount
in controversy. Hence there was nothing to warrant
a dismissal under the terms of the statute, and the
court should not have made such an order, upon that
ground, until the proofs showed such inadequacy."
*Brassington* v. *Waldron*, 143 Mich. 364, 365 (107 N.
W. 100), and cases cited.

The bill of complaint under oath alleges that the vio-
lation of the terms of the contract as charged will
cause him great loss and irreparable damage. It also
sets forth an invasion and injury of his contract
rights, his name, business reputation and standing;
that defendants are deliberately violating their con-
tract obligation. The violation of the contract obliga-
tions is admitted by the demurrer. The court will not
assume that this controversy to protect the rights of
complainant in the enjoyment of his property above
designated does not involve more than the sum of $100.
Property rights are involved in this litigation, which
the court will assume to be valuable, and the invasion
of such rights is sought to be prevented by injunction.

The contention that complainant has a complete and
adequate remedy at law cannot be maintained. This
is a controversy where an award of damages would not
be adequate, and the bill states an equitable cause of
action. It charges a deliberate violation of contract
obligations; it shows confusion and misunderstanding,
annoyance by the continued use of his name, brought
about by the defendants, and an undertaking to avoid
a solemn agreement by the subterfuge of organizing

another corporation of the same name, which they have contracted not to use. This contract complainant has a right to specifically enforce, which enforcement is only possible in a court of equity. These propositions are so fundamental, and have been so often sustained by this court, that citation of decisions is not necessary. Defendants urge that the bill of complaint shows that defendants Rollins and Cohen have fully performed the contract on their part. It is presumed that this is because the purchase price of the property mentioned in the contract has been paid. The fact is overlooked that the contract contained the agreement relied upon by complainant that upon notice given the name "George" should be eliminated from the name of the corporation, which answers the argument.

The further claim is made that the new corporation did not assume the obligation of the contract and is not bound thereby; that it appears without dispute that the first corporation by dissolution consummated the performance of the contract and *ipso facto* the name "George" was discontinued by it; that it is dead and all of its contract relations died with it. The bill avers, and the argument of defendants admits, that the first corporation ratified this contract and agreed to perform the same; that the organization of the new corporation is clearly fraudulent and for the purpose of avoiding the obligation of the contract. Courts do not uphold such transactions. Complainant is seeking to enjoin the perpetration of a gross fraud upon him. He has stated a cause for equitable relief. Assuming that what he charges is true, he is entitled to the relief prayed. This argument of defendants is specious, and does not meet the issue presented.

The decree of the circuit court is affirmed, with costs.

STEERE, C. J., and MOORE, BROOKE, KUHN, STONE, OSTRANDER, and BIRD, JJ., concurred.