McBRIDE v. JACOB.

1. EQUITY—PRACTICE—BILL—AVERMENTS SHOWING JURISDICTION —AMOUNT IN CONTROVERSY.

On a bill to restrain defendants from trafficking in bottles belonging to plaintiffs and bearing their trade name, in violation of Act No. 164, Pub. Acts 1905 (2 Comp. Laws 1915, § 7404 *et seq.*), where the bill does not allege that the amount in controversy exceeds the sum of $100, the court should not dismiss upon that ground, the statute, section 12301, 3 Comp. Laws 1915, not requiring the bill to show the amount involved.

2. SAME—MOTION TO DISMISS—DEMURRER.
    Under the present practice the motion to ·dismiss is the substitute for demurrer under the former practice.

3. SAME—CONSTITUTIONAL LAW—DEFINITENESS OF OBJECTION—MOTION TO DISMISS.
    A motion to dismiss on the ground that "Act No. 164, Public Acts of 1905, referred to in said bill of complaint, is unconstitutional, null and void in that it contravenes the Constitution of the State of Michigan and the Constitution of the United States of America and the amendments thereto," is too indefinite to apprise the court of the real objection.

4. SAME.
    The rule is well settled that the particular provision of the Constitution, which it is claimed an act offends, must be pointed out.

  Appeal from Wayne; Hally, J. Submitted April 16, 1918. (Docket No. 100.) Decided June 3, 1918.

  Bill by Edward McBride, Charles M. Earl, and Daniel J. Pollard, copartners as McBride, Earl & Pollard, against Max Jacob, Ben Jacob, Samuel Jacob, and William Jacob, copartners as M. Jacob & Sons, to restrain the traffic in bottles, etc., bearing plaintiffs' registered trade-name. From an order granting a motion to dismiss, plaintiffs appeal. Reversed, and remanded.

  *Claude H. Stevens,* for plaintiffs.

  *Harry L. Weinstein* and *Ormond F. Hunt,* for defendants.

  FELLOWS, J. Plaintiffs, manufacturers of soda water and other beverages, seek by this bill to restrain defendants, junk dealers, from trafficking in bottles or other receptacles which belong to plaintiffs, and which have upon them plaintiffs' trade-name, registered pursuant to the provisions of Act No. 164, Pub. Acts 1905 (2 Comp. Laws 1915, § 7404 *et seq.*). This

act is, with slight additions and the elimination of a proviso in section 2, a re-enactment of Act No. 224, Pub. Acts 1901, which, in turn, with slight additions, is but a re-enactment of Act No. 36, Pub. Acts 1897 (2 Comp. Laws, § 5676 *et seq.*). The bill of complaint, while inartistically drawn, substantially avers plaintiffs' compliance with the provisions of the act; their use of bottles and other receptacles in their business upon which appears such registered trade-name; the ownership of such bottles to be in plaintiffs, who sell only the contents, retaining title to the bottles and receptacles, many of which are not returned; that defendants are junk dealers and obtain many of such bottles and receptacles and traffic in them to the irreparable injury of plaintiffs. Injunction is sought.

Defendants move to dismiss the bill for various reasons: they argue in their brief:

(1) That the bill does not show that the matter in dispute exceeds $100.

(2) That the act in question is unconstitutional.

The trial court dismissed the bill on the grounds of the invalidity of the act and plaintiffs appeal.

1. This court has held, following the New York cases, from which State our statute with reference to the amount in controversy is taken, that the statute does not require the bill to show that such amount exceeds the sum of $100. *Brassington* v. *Waldron,* 143 Mich. 364.

2. The constitutionality of the act in question is assailed in the following language:

"Act Number 164, Public Acts of 1905, referred to in said bill of complaint, is unconstitutional, null and void in that it contravenes the Constitution of the State of Michigan and the Constitution of the United States of America and the amendments thereto."

The present motion to dismiss is the substitute for demurrer under the former practice:

"A cause of demurrer should be so stated as to apprise the court of the real objection, and in case it is not, the party demurring can claim nothing under it." *Kellogg* v. *Hamilton*, 43 Mich. 269.

The indefiniteness of the grounds of objection to the validity of this act becomes apparent when we contemplate that the Federal Constitution consists of 7 articles, having 24 sections, that the amendments are 17 in number, having 24 sections, while the State Constitution consists of 17 articles, having 221 sections. But it was said upon the argument that this court had disposed of similar questions on equally indefinite objections. In the case of *Fitch* v. *Board of Auditors*, 133 Mich. 178, the validity of a joint resolution of the legislature (Joint Resolution No. 4, Pub. Acts 1901, p. 382) was involved. This court there held that other reasons than those urged in the court below against the validity of the joint resolutions might be urged in this court. But in that case the joint resolution assailed provided for the proceedings then before the court, a proceeding by mandamus; unless the joint resolution was valid the court had no jurisdiction in the very case under consideration. It was a question of jurisdiction, and this court said:

"If the law is unconstitutional in attempting to confer judicial power upon respondent, the court below had no rightful jurisdiction to issue the mandamus complained of, and it is difficult to understand how even the consent of the respondent could have so conferred jurisdiction as to make the order complained of effectual for any practical purpose."

The question being one of jurisdiction, the particular remedy then being pursued having been provided by the joint resolution, the court below and this court were both without jurisdiction unless the joint resolution was valid. The jurisdiction of the court over the subject-matter was an open one, and this court considered it, and in order to determine that question

it of necessity passed on the validity of the joint resolution. But in the absence of the question of jurisdiction this court has not sustained so indefinite and general objections to the constitutionality of an act, where the attention of the court has been challenged to the language of the objections. The rule is well settled that the particular provision of the Constitution, which it is claimed the act offends, must be pointed out. 12 C. J. 785; *Rose* v. *State,* 171 Ind. 662; *Fitzpatrick* v. *State,* 169 Ala. 1; *Hudson* v. *Jennings,* 134 Ga. 373; *Roberts* v. *City of Evanston,* 218 Ill. 296. This does not necessarily require that the number of the section and article be stated, but does require that the objection show, with reasonable certainty, the provision of the Constitution claimed to be offended.

It follows that the decree of the court below must be reversed. Defendants will have 15 days to answer. Plaintiffs will recover their costs in this court.

OSTRANDER, C. J., and BIRD, MOORE, STEERE, BROOKE, STONE, and KUHN, JJ., concurred.