### WALBER v. WAYNE CIRCUIT JUDGE.

1. CONSTITUTIONAL LAW—CONSTRUCTION.

A provision of the Constitution could not mean one thing at the time of its adoption, and another thing at a subsequent time; and, hence, it is to be construed with reference to the state of the law or custom at the time of its adoption.

2. SAME—APPEAL IN CRIMINAL CASES.

The term *appeal*, as used in provision of the Constitution according one accused of crime an appeal as a matter of right, as applied to a conviction of person charged with violation of a city ordinance in the recorder's court of Detroit, a court of record, means an appeal to the Court of Appeals and not to the circuit court of Wayne county (Const 1963, art 1, § 20; PA 1961, No 236, § 308, as added by PA 1964, No 281; GCR 1963, 806.1).

3. SAME—EQUAL PROTECTION OF LAWS—LOCAL REGULATIONS NOT COVERED BY STATE STATUTE.

Local conditions and interests demand different regulations than are required for statewide observance and violations thereof relating to acts and omissions not embraced in the general criminal legislation of the State may be treated differently than violations of the general laws without offending the equal protection of laws provisions of the Federal and State Constitutions (US Const, Am 14; Mich Const 1908, art 1, § 2).

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NUISANCE—APPEAL FROM RECORDER'S COURT OF DETROIT—COURT OF APPEALS.

Whether or not violation of city ordinance, prohibiting maintenance of a nuisance and authorizing the commissioner of health

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur 2d, Constitutional Law § 58 *et seq.*
[3] 16 Am Jur 2d, Constitutional Law § 540.
[4] 4 Am Jur 2d, Appeal and Error § 17 *et seq.*
[5] 20 Am Jur 2d, Costs § 35.

to abate the same, is a crime *held,* unnecessary to determination of issue presented in proceeding designed to compel circuit court to review *de novo* the conviction of plaintiff herein, of violation of such ordinances, since there is statutory and court rule provision for appeals from all final judgments from the recorder's court to the Court of Appeals (PA 1961, No 236, § 308, as added by PA 1964, No 281; GCR 1963, 806.1; Detroit Ordinances 39-1-40, 39-1-42).

5. Costs—Public Question—Conviction of Violation of Ordinances—De Novo Review.

No costs are awarded in mandamus proceeding to compel circuit court to review *de novo* plaintiff's conviction of violation of city ordinance, a public question being involved (Detroit Ordinances 39-1-40, 39-1-42).

Original mandamus proceeding in the Court of Appeals by Pauline Walber to compel Edward S. Piggins, Wayne Circuit Judge, to grant a trial *de novo* in circuit court of her conviction, in recorder's court for the city of Detroit—traffic and ordinance division, for violation of an ordinance of the city of Detroit. Submitted Division 1 December 10, 1965, at Flint. (Docket No. 992.) Writ denied January 3, 1966. Leave to appeal granted by Supreme Court March 23, 1966. See 377 Mich 705.

*Norman E. Conn (E. Donald Goodman,* of counsel), for plaintiff.

*Robert Reese,* Corporation Counsel, and *Robert D. McClear,* Assistant Corporation Counsel, for defendant.

Quinn, P. J. This is an original proceeding in mandamus[1] to require defendant to grant plaintiff a trial *de novo* of her conviction for violating a city of Detroit ordinance. The complaint also requests this Court to declare that the commission of an ordinance

---

[1] See GCR 1963, 816.2, 373 Mich lx and GCR 1963, 711.4(1), 373 Mich cvii.

violation is a crime and that the 1963 Michigan Constitution guarantees a right of appeal which is not discretionary with the judges of the circuit court.

There are three issues presented, namely: is there an appeal as of right to the circuit court of Wayne county and a trial *de novo* therein for a person convicted, in recorder's court of Detroit—traffic and ordinance division, for violation of a city ordinance? If not, is this a denial of equal protection of the law? Is the commission of an ordinance violation a crime?

Plaintiff was convicted of violating sections 39–1–40 and 39–1–42 of municipal code of Detroit (1964) and was sentenced to a fine or jail term. Section 39–1–40 prohibits maintenance of a nuisance and section 39–1–42 authorizes the commissioner of health to abate the same. The manner in which plaintiff kept a number of dogs in and about a private residence was the nuisance of which complaint was made. Following conviction, plaintiff attempted a general appeal to the Wayne circuit court but was prevented from perfecting it because the recorder's court clerk refused to accept the appeal fee and certify the case on appeal. Plaintiff then filed complaint in Wayne circuit court for superintending control in the nature of mandamus[2] to require the clerk of the recorder's court to perform these acts. This relief was denied by the present defendant, and this mandamus action followed.

Plaintiff contends that violation of an ordinance is a crime and Const 1963, art 1, § 20, provides she has an appeal as a matter of right. Claiming that GCR 1963, 785.1(1) makes GCR 1963, 701.1[3] and 701-.10 applicable to such appeal, she argues the appeal is a trial *de novo* in circuit court. If this is not true, she says she is denied equal protection of the laws

[2] GCR 1963, 711.3.
[3] See 373 Mich civ.

(Const 1963, art 1, § 2, and US Const, Am 14, § 1) because a person convicted of a similar offense in Wayne county but outside Detroit does have an appeal to circuit court of Wayne county in the form of a trial *de novo*. Appeals from recorder's court—traffic and ordinance division for violation of city ordinances have been by certiorari (now superintending control).[4] See *City of Detroit* v. *Wayne Circuit Judge* (1925), 233 Mich 356.

The first question to be answered is, what does "appeal" in Const 1963, art 1, § 20, mean? The term is ambiguous in the sense that on appeal from justice of the peace court to circuit court, a misdemeanor conviction is tried *de novo,* but an appeal from circuit court for the same conviction is heard on the record. The reason is that no record is made in justice court. This is the reason for the provision in GCR 1963, 701.10 that "review in the circuit court is to be a retrial of issues upon evidence to be introduced in the reviewing court." It is not clear from the statement of delegates what the framers of the new Constitution intended "appeal" to mean. See 1 Official Record Constitutional Convention 1961, pp 562–568. In *Pfeiffer* v. *Board of Education of Detroit* (1898), 118 Mich 560 (42 LRA 536), the Supreme Court said with respect to constitutional interpretation (p 564):

"In determining this question, we should endeavor to place ourselves in the position of the framers of the Constitution, and ascertain what was meant at the time; for, if we are successful in doing this, we have solved the question of its meaning for all time. It could not mean one thing at the time of its adoption, and another thing today, when public sentiments have undergone a change. (Citing authorities.) It is therefore essential that we determine

---

4 See GCR 1963, 711.3.

the intent of this provision by reference to the state of the law or custom previously existing, and by the contemporaneous construction, rather than attempt to test its meaning by the so-called advanced or liberal views obtaining among a large class of the community at the present day."

This test was adopted by a unanimous court in *Holland* v. *Clerk of Garden City* (1941), 299 Mich 465, 470; and by a majority of the participating justices of the court in *Burdick* v. *Secretary of State* (1964), 373 Mich 578, 584. Applying it here, at the time the Constitution of 1963 was adopted, appeal from city ordinance conviction in traffic and ordinance division of recorder's court meant certiorari (now superintending control) to circuit court. See *City of Detroit* v. *Wayne Circuit Judge, supra.* From this we conclude "appeal" in Const 1963, art 1, § 20, does not have the meaning contended for by plaintiff, and in the case before us "appeal" means appeal to the Court of Appeals. This result conforms with the statutory jurisdiction of the Court of Appeals. See PA 1961, No 236, § 308, as added by PA 1964, No 281, CL 1948, § 600.308, subd (1) (Stat Ann 1965 Cum Supp § 27A.308, subd [1]). It also conforms with the rule promulgated by the Supreme Court covering appeals to the Court of Appeals. See GCR 1963, 806.1, 373 Mich xxxvii.

In resolving plaintiff's contention that this interpretation denies her equal protection of the law, it must be borne in mind of what she was convicted. It was for violation of an ordinance regarding nuisances. Michigan has long recognized that local conditions and interests demand different regulations and that violation of such regulations which relate to acts and omissions that are not embraced in the general criminal legislation of the State may be treated differently than are violations of the gen-

eral laws. *In re Cox* (1902), 129 Mich 635, 636. *Cox* involves right to trial by jury which, if not more fundamental than right of appeal, is certainly of longer standing in this State. There is no showing on this record that the offense plaintiff is charged with is covered by general legislation, and this Court has not found any State statute on the subject. That differentiation of this sort does not violate US Const, Am 14, § 1, see *Missouri* v. *Lewis* (1879), 101 US 22 (25 L ed 989) and *Bailey* v. *United States* (1938), 69 DC App 25 (98 F2d 306). If it does not violate US Const, Am 14, § 1, this Court can see no reason for holding that it violates Const 1963, art 1, § 2.

This opinion deals only with the problem before this Court on this appeal. It does not involve the conviction under city of Detroit ordinance covering an offense also covered by general criminal legislation of the State. The answer to this problem may be found in 3 Gillespie, Michigan Criminal Law and Procedure (2d ed), § 1973. *In re Cox, supra;* and the language of the United States Supreme Court in *Missouri, supra,* referring to US Const, Am 14, § 1, where it said (p 30), "it contemplates persons and classes of persons. It has not respect to local and municipal regulations that do not injuriously affect or discriminate between persons or classes of persons within the places or municipalities for which such regulations are made."

We find it unnecessary to determine whether violation of an ordinance is a crime. That some ordinance violations may not be crimes see *In re Cox, supra,* and cases cited therein on page 637.

In view of what has already been said, we further find that it is not necessary to say anything more about the meaning of right of appeal in Const 1963, art 1, § 20. However, since the statute, PA 1961, No 236, § 308, as added by PA 1964, No 281, CL

1948, § 600.308, subd (1) (Stat Ann 1965 Cum Supp
§ 27A.308, subd [1]) grants the Court of Appeals
jurisdiction on appeals from *all* final judgments
from the recorder's court and GCR 1963, 806.1,
*supra,* includes appeals from *all* final judgments
from recorder's court, we conclude that appeal from
final judgment of recorder's court is to Court of
Appeals, regardless of the division of recorder's
court from which the appeal is taken. Such an ap-
peal is on the record and it is incumbent on re-
corder's court to make provision for a record in *all*
cases disposed of by it on final judgment.

For the reasons herein stated the writ of man-
damus is denied. A public question being involved,
no costs are awarded.

J. H. GILLIS and WATTS, JJ., concurred.