## PEOPLE v. FORE.

1. COURTS—COURT OF APPEALS—SAVING QUESTIONS FOR REVIEW—OB-
   JECTIONS.
   The Court of Appeals has the right to consider manifest and
   serious errors although objection was not made by the party
   who appeals, since the Court is not limited by what the appel-
   lant is entitled to as a matter of right.

2. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW—OBJECTIONS.
   The general rule is that questions not presented in the trial
   court cannot be raised on appeal.

3. CRIMINAL LAW—EVIDENCE—ADMISSION OF CONFESSION.
   Admission into evidence of confession of defendant in prosecu-
   tion for larceny from a person *held*, not reversible error, where
   it does not appear that the confession was not voluntary, nor
   that any objection was made at trial (CL 1948, § 750.357).

Appeal from Superior Court for Grand Rapids;
Vander Ploeg (Claude), J. Submitted Division 3
June 3, 1966, at Grand Rapids. (Docket No. 911.)
Decided November 9, 1966.

Clifton Fore was convicted of larceny from a per-
son. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James K. Miller,*
Prosecuting Attorney, and *Norman K. Kravitz,* As-
sistant Prosecuting Attorney, for plaintiff.

*C. Blair Mohney,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 548, 549.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 20 Am Jur, Evidence §§ 480, 482.

BURNS, J. Defendant was tried by a jury and convicted of larceny from a person.[1] Shortly after his arrest the defendant made certain oral admissions amounting to a confession in the presence of 2 police officers and other men. At the trial these persons testified as to what the defendant had said. No objection was raised to their testimony. The defendant testified on his own behalf and denied making the confession.

The trial was held prior to the decision of *People v. Walker* (on rehearing, 1965), 374 Mich 331. On appeal the defendant claims the case should be remanded to the trial court for a determination of the voluntariness of his confession pursuant to *People* v. *Walker, supra.*

Counsel for the defendant recognizes the well-settled rule that questions not presented in the trial court cannot be raised on appeal, but argues that the error in this case is so obvious and serious that it warrants our consideration in order to prevent a miscarriage of justice. Unusual circumstances have at times caused a relaxation of the general rule (see *People v. Dorrikas* [1958], 354 Mich 303 and cases cited therein), but we find no need to do so in this case. At the trial the defendant absolutely denied making any confession. Now he more or less admits that a confession was made. The paradox thus created destroys any and all of the serious character or injustice possibly associated with the alleged error.

Furthermore, *People* v. *Barker* (1886), 60 Mich 277, 296 (1 Am St Rep 501), long ago decided that:

"Unless it appears from the testimony of the witness, or other evidence in the case, that the confession was not voluntary, or was made through the

---

[1] CL 1948, § 750.357 (Stat Ann 1954 Rev § 28.589).

influence of fear or hope; or unless the evidence offered is objected to upon the ground that the confessions were made in consequence of fear, or of favors held out to the prisoners,—no preliminary examination into the facts and circumstances is called for. If, however, the contrary does appear, or the objection is made, then the preliminary examination must be had."

For a more recent case setting forth the same principle in a similar situation, see *People* v. *Lundberg* (1961), 364 Mich 596, page 604.

It does not appear that the confession was not voluntary, nor that any objection was made; therefore, we have no error to review.

Judgment affirmed.

HOLBROOK, P. J., and QUINN, J., concurred.