PEOPLE v. WRIGHT.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — CONFESSIONS — ADMIS-
SIBILITY — STATEMENTS — ASSISTANCE OF COUNSEL — WARNING OF
RIGHTS — PROSPECTIVE OPERATION.

   Statements or confessions made by criminal defendant tried
   prior to decision of Supreme Court of the United States on
   June 22, 1964, *held*, not inadmissible per se, though made after
   denial of request for counsel and without warning of constitu-
   tional rights, the Supreme Court of the United States having
   held that said decision is prospective only.

2. SAME—CONFESSIONS—ADMISSIBILITY.

   Claim that admission in evidence of statement and confession,
   both obtained from defendant during in-custody interrogation
   after denial of request for counsel and without warning of
   constitutional rights, required reversal for new trial, *held*, with-
   out merit, defendant having been tried before decision by the
   Supreme Court of the United States on June 22, 1964, where
   that court has held the decision to be operative prospectively.

3. SAME—CONFESSION—DETERMINATION OF VOLUNTARINESS.

   Claimed involuntary confession was admissible in evidence for
   jury consideration, only after full and adequate evidentiary
   hearing by trial judge, out of presence of jury, as to facts
   and circumstances under which confession had been obtained,
   and subsequent determination by trial court that confession
   was voluntary.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence §§ 555–557.
   Necessity of informing suspect of rights under privilege against
   self-incrimination, prior to police interrogation.    10 ALR3d
   1054.
[3, 4] 29 Am Jur 2d, Evidence § 582.
   Duty of court to institute preliminary investigation as to volun-
   tary or involuntary character of confession.    102 ALR 605.
[5] 29 Am Jur 2d, Evidence §§ 526, 529, 543, 545, 547, 582, 585.
   Admissibility of confession as affected by delay in arraignment
   of prisoner.    19 ALR2d 1331.
[6] 29 Am Jur 2d, Evidence § 529.
[7] 5 Am Jur 2d, Appeal and Error § 545.
[8] 29 Am Jur 2d, Evidence §§ 529, 582.

4. Same—Due Process—Confession—Voluntariness—Evidence.

Requirement of separate and adequate evidentiary hearing by trial court, out of presence of jury, to determine voluntariness of confession claimed involuntary, is not satisfied by merely considering arguments of counsel and examining confession itself, since due process requires the taking of actual testimony as to the facts and circumstances surrounding such confession, before voluntariness can be determined.

5. Same—Confession—Voluntariness.

Claim that trial court met constitutional requirements necessary in admitting statement and confession into evidence, by considering the voluntariness thereof out of the presence of jury, *held*, without merit, where (1) statements clearly contained claim that defendant was struck by policeman and showed denial of request for counsel, (2) defendant, 19 years of age, was not brought before magistrate until 6 days after arrest, and (3) trial court took no testimony whatsoever as to facts and circumstances under which same were obtained.

6. Same—Mootness—Confession—Voluntariness.

Claim that failure to meet constitutional requirements in submission of statement and confession of defendant in evidence was moot, defendant having testified himself, admitting crime, *held*, without merit, since (1) admission of confession virtually compelled defendant to explain why he shot officer and (2) it is axiomatic that defendant in criminal case is deprived of due process of law when conviction is based, in whole or in part, upon involuntary confession, regardless of truth or falsity thereof.

7. Appeal and Error—Saving Questions for Review.

The Court of Appeals will not ordinarily consider questions on appeal that were not presented for consideration by the trial court.

8. Criminal Law—Constitutional Law—Due Process—Courts— Confessions — Statements — Voluntariness — Procedure — Evidence—Remand.

Submission of statement and confession of criminal defendant into evidence without having properly determined defendant's claim of involuntariness thereof by the trial court, *held*, to require remand to trial court for proper evidentiary hearing on such issue, with defendant's conviction and sentence to stand if confessions are found to have been voluntary, but to be set aside and new trial ordered if found involuntary.

Appeal from Recorder's Court of Detroit; Krause (Paul E.), J. Submitted Division 1 December 13, 1966, at Detroit. (Docket No. 1,613.) Decided April 13, 1967.

Carol Wright was convicted of first-degree murder. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for plaintiff.

*Raymond J. DeRyck* and *Dominick R. Carnovale,* for defendant.

Lesinski, C. J. Defendant appeals a denial by the trial court of his delayed motion for a new trial filed 15 years after a conviction for first-degree murder in the recorder's court of the city of Detroit.

On February 17, 1949, at approximately 4:20 a.m., two Detroit police officers, David J. Bergum and Alfred Pennese, while driving west on Ash street between 16th and 17th streets, observed a person walking in the same direction on the south side of Ash. Officer Bergum drove the car over to the south side of Ash and called for the man to stop. After the car had stopped, officer Pennese was unable to see the person from the passenger seat. Following some conversation between Officer Bergum and the stranger as to where he had been and where he was going, Bergum, while getting out of the car, told the man to take his hands out of his pockets. As Officer Bergum stepped out of the car, Officer Pennese heard three shots. Officer Pennese then got out of the car, yelled to the fleeing man to halt, and fired two shots

at him. The man escaped and Officer Pennese returned to the police car to radio for an ambulance for his partner. Officer Bergum died shortly thereafter, the cause of death being a gunshot wound of the chest and abdomen, penetrating the liver and large blood vessels of the abdomen.

The defendant, Carol Wright,[1] was arrested at the home of a friend shortly after 9:30 a.m. on the morning of February 17, 1949. He was not arraigned on the warrant until February 23d. Two stenographically recorded statements made by defendant to the prosecuting attorney between the period of arrest and arraignment were admitted into evidence over the objection of defense counsel. One statement was taken on February 17th, and the other was taken on the following day, February 18th.

Defendant argued his objections, out of the presence of the jury, on the theory that the statements were involuntarily made and therefore inadmissible in evidence. The trial court concluded that the February 17th statement was inadmissible but ruled to admit the later one made on February 18th. The trial court advised the prosecution that "you will have to show he made the statement freely and voluntarily, to the jury." At the insistence of defense counsel, the February 17th statement was also admitted into evidence by the court. The defendant, by use of certain portions of that statement, sought to show the involuntariness of the latter, such as:

"*Q.* * * * I want to ask you some questions about your activities of last night and also ask you some questions relative to the shooting of a policeman here in the city of Detroit. Are you willing to tell me what you know about it?

"*A.* I won't make a statement until I see my lawyer.

---

[1] Defendant was 19 years old at the time.

"*Q.* You don't care to make a statement?
"*A.* No, sir."

Further in the questioning the following appears:

"*Q.* Have you discussed this situation with the police here today?
"*A.* Yes, sir.
"*Q.* Did you tell them about your activities last night?
"*A.* I made a statement.
"*Q.* Did you tell them anything about shooting a policeman?
"*A.* I told them I did; that is because I don't want to get knocked around down there.
"*Q.* I will ask you whether or not anyone knocked you around?
"*A.* I was walking upstairs and some guy hit me from the back."

In the earlier statement the accused refused to answer whether he had "fired at" or shot a policeman on the night in question. However, in the later statement he admitted to having "shot" a policeman at the time and place in question. Subsequent to the admission into evidence of these statements elicited during incommunicado, in-custody interrogation by the police, defendant took the stand and admitted in open court to having shot Officer Bergum.

Defendant first contends that since his initial request for counsel was denied by the police, subsequent statements elicited from him during the in-custody interrogation cannot be used against him. As authority for this proposition, our attention has been called to the following quote from *Escobedo* v. *Illinois* (1964), 378 US 478, 490, 491 (84 S Ct 1758, 1765, 12 L ed 2d 977, 986):

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular

suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect *has requested* and been denied an opportunity to consult with his lawyer, and the *police have not effectively warned him of his absolute constitutional right to remain silent,* the accused has been denied 'the assistance of counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' *Gideon* v. *Wainwright,* 372 US 335, at 342 (83 S Ct 792, 9 L ed 2d 799, at 804, 93 ALR2d 733), and that no statement elicited by the police during the interrogation may be used against him at a criminal trial." (Emphasis supplied.)

Certainly it cannot be questioned that the philosophy enunciated in *Escobedo, supra,* had as its purpose the exclusion of statements obtained under circumstances disclosed by this record. However, it is now settled that *Escobedo, supra,* decided June 22, 1964, does not apply to criminal trials commenced prior to its effective date. *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L ed 2d 882). Defendant's trial began January 9, 1950. Therefore, *Escobedo, supra,* does not apply.

Another question particularly crucial to this appeal is whether the defendant was afforded an evidentiary hearing on the issue of the voluntariness of his statements to the police.

In *People* v. *Walker* (On Rehearing, 1965), 374 Mich 331, the Supreme Court of this State clearly and forthrightly ruled that prior to admission into evidence of confessions claimed to have been made involuntarily, the trial judge must conduct a separate hearing out of the presence of the jury to determine the issue of voluntariness. Only after a full and adequate hearing and a determination by the trial judge that such statements were made volun-

tarily, are they admissible into evidence. The Court in *Walker, supra,*[2] at 335, 336, gave expression to this view by quoting extensively from *Jackson* v. *Denno* (1963), 378 US 368 (84 S Ct 1774, 12 L ed 2d 908):

" 'Expanded concepts of fairness in obtaining confessions have been accompanied by a correspondingly greater complexity in determining whether an accused's will has been overborne—facts are frequently disputed, questions of credibility are often crucial, and inferences to be drawn from established facts are often determinative. The overall determination of the voluntariness of a confession has thus become an exceedingly sensitive task, one that requires facing the issue squarely, an illuminating isolation and unbeclouded by other issues and the effect of extraneous but prejudicial evidence. See *Wilson* v. *United States,* 162 US 613 (16 S Ct 895, 40 L ed 1090); *United States* v. *Carignan,* 342 US 36 (72 S Ct 97, 96 L ed 48); *Smith* v. *United States,* 348 US 147 (75 S Ct 194, 99 L ed 192). Where pure factual considerations are an important ingredient, which is true in the usual case, appellate review, in this Court is, as a practical matter, an inadequate substitute for a full and reliable determination of the voluntariness issue in the trial court and the trial court's determination, *pro tanto,* takes on an increasing finality. The procedures used in the trial court to arrive at its conclusions on the coercion issue progressively take on added significance as the actual measure of the protection afforded a defendant under the due process clause of the Fourteenth Amendment against the use of involuntary confessions. These procedures must, therefore, be fully adequate to insure a reliable and clear-cut determi-

---

[2] The following language conclusively shows that *Walker,* at p 337, is to be retroactively applied:

"Since the 'New York' rule is unconstitutional, there remains for our adoption, both retrospectively and prospectively, either the so-called 'Massachusetts' or the 'orthodox' rule." Michigan chose the latter.

nation of the voluntariness of the confession, including the resolution of disputed facts upon which the voluntariness issue may depend.' "

It is the contention of the prosecution that the court met the mandates of *Jackson* v. *Denno, supra,* and *Walker, supra,* by determining the voluntariness of defendant's statements to the police out of the presence of the jury prior to permitting them into evidence. We do not agree.

The trial court, despite a plain indication on the face of one of the statements to the prosecuting attorney that defendant claimed he had been struck by one of the police, that he claimed earlier statements to the police were made because he "didn't want to be knocked around," that he was denied counsel after a request, coupled with the fact that defendant, then 19 years of age, was not brought before a magistrate until six days after his arrest, failed to conduct an *evidentiary* hearing on these facts and circumstances to determine if defendant's statements to the police were voluntary. It is patently clear that *People* v. *Walker* (on rehearing) *supra,* requires, under these circumstances, more than mere legal arguments on the admissibility of such statements. The Court in *Walker, supra,* at p 338, citing from *Jackson* v. *Denno, supra,* stated:

" 'It is New York [Michigan], therefore, not the Federal habeas corpus court, which should first provide Jackson with that which he has not yet had and to which he is constitutionally entitled—*an adequate evidentiary hearing productive of reliable results concerning the voluntariness of his confession.*' " (Emphasis supplied.)

The prosecution further argues that the voluntariness issue is now academic since defendant took the stand and testified in open court that he shot officer Bergum. This argument is spurious for two

reasons. First, it unjustifiably assumes that the confession entered into evidence had no effect upon defendant's taking the witness stand. It is more than idle speculation to conclude from this record that the confession's admission placed the defendant in a position of being compelled to take the stand to explain *why* he had shot the officer. Secondly, the prosecution's argument assumes that the admission of confessions involuntarily rendered would not require reversal when there is separate and sufficient incriminating evidence to sustain a conviction. In this regard the United States Supreme Court stated in *Jackson* v. *Denno, supra,* at p 376:

"It is now axiomatic that a defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, *Rogers* v. *Richmond,* 365 US 534 (81 S Ct 735, 5 L ed 2d 760), and even though there is ample evidence aside from the confession to support the conviction. *Malinski* v. *New York,* 324 US 401 (65 S Ct 781, 89 L ed 1029); *Stroble* v. *California,* 343 US 181 (72 S Ct 599, 96 L ed 872); *Payne* v. *Arkansas,* 356 US 560 (78 S Ct 844, 2 L ed 2d 975)."

An additional question raised on appeal which was not called to the attention of the court below, will not be considered on appeal for the first time. *People* v. *Willis* (1965), 1 Mich App 428; *People* v. *Counts* (1947), 318 Mich 45.

Accordingly, this case is remanded to recorder's court for an evidentiary hearing to determine the voluntariness of defendant's statements to the police. Upon a finding by the trial judge that the statements were voluntarily rendered, we see no basis for a new trial. However, if at the conclusion of such an evidentiary hearing the defendant's statements are de-

termined to be involuntary, then the trial court is instructed to vacate the conviction and sentence and order a new trial.

Burns and Levin, JJ., concurred.