PEOPLE v. RAUB.

1. CONSTITUTIONAL LAW—POLICE POWER—DUE PROCESS.
   The provision of the Constitution declaring that property shall not be taken without due process of law is inapplicable, where the exercise of police power is applicable (US Const, Am 14; Const 1963, art 1, § 17).

2. SAME—POLICE POWER—REGULATION OF BUSINESS.
   Any business or business practice may be regulated if such regulation is necessary to the public welfare, health, morals, and safety.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law § 296.
[2] 16 Am Jur 2d, Constitutional Law §§ 296, 313.
[3, 4] 16 Am Jur 2d, Constitutional Law § 325.
   Validity of statute or ordinance fixing closing hours for certain kinds of business. 55 ALR 242.
[5–7] 16 Am Jur 2d, Constitutional Law §§ 297, 485–489.
[8] 16 Am Jur 2d, Constitutional Law §§ 137, 143, 297.
[9] 16 Am Jur 2d, Constitutional Law §§ 297, 325.
[10] 5 Am Jur 2d, Appeal and Error §§ 760, 901.
[11] 5 Am Jur 2d, Appeal and Error § 545.

3. SAME—POLICE POWER—REGULATION OF BUSINESS—HOURS OF
OPERATION.

Hours of business may be regulated as an exercise of the
police power where there is a necessity for regulation and
a reasonable relation to public health, welfare, peace, and
safety.

4. SAME—POLICE POWER—CAR WASH—HOURS OF OPERATION.

Ordinance forbidding coin-operated self-service car washes to
be kept open and operated between hours of 10 p.m. and
7 a.m. *held*, to be a reasonable exercise of the police power
where the record showed that it was adopted after public
hearings at which there was testimony of numerous com-
plaints from nearby residents of litter, excessive noise, beer
drinking, and other disturbances at defendant's car wash
during late evening and early morning hours, and the ordi-
nance was adopted to alleviate these difficulties, and serves
as well to thwart potential rowdiness, gang groupings, and
like obnoxious activity (Detroit Ordinance 119–G, § 39–1–90.3).

5. SAME—EQUAL PROTECTION—POLICE LAWS—CLASSIFICATION.

The equal protection clause admits of the exercise of a wide
scope of discretion in the classification of police laws, and
avoids what is done only when it is without any reasonable
basis and, therefore, purely arbitrary (US Const, Am 14,
§ 1).

6. SAME—EQUAL PROTECTION—MATHEMATICAL NICETY OF CLASSIFI-
CATION.

A classification in police laws having some reasonable basis
does not offend the equal protection clause merely because it
is not made with mathematical nicety or because in practice
it results in some inequality (US Const, Am 14, § 1).

7. SAME—PRESUMPTIONS.

Any state of facts that can reasonably be conceived will be
assumed in order to sustain a classification in police laws
under the equal protection clause (US Const, Am 14, § 1).

8. SAME—CLASSIFICATION—BURDEN OF PROOF.

One who assails the classification in a police law has the burden
of showing that it does not rest upon any reasonable basis
but is essentially arbitrary (US Const, Am 14, § 1).

9. SAME—EQUAL PROTECTION OF LAW—CAR WASH—HOURS OF
OPERATION.

Ordinance forbidding coin-operated self-service car washes or
places where 2 or more cars may be washed simultaneously to

be kept open and operated between hours of 10 p.m. and 7 a.m., while permitting such operation for 1-stall non-coin-operated, non-self-service car washes *held*, not invalid as denying equal protection of law where the classification appears reasonable because the nature of car washes permitted to operate does not lend itself to the evils arising from the prohibited operation (Detroit Ordinance 119-G, § 39-1-90.3).

10. Appeal and Error—Constitutional Question—Argument.

Assertion, on appeal, of point that ordinance regulating operation of car washes is constitutionally invalid because it improperly delegates police duties to operators of car washes in requiring them to keep premises free of debris and litter, prevent excessive noise and rowdiness, and maintain peace, order, and safety on the premises, is not discussed in opinion when the point is not supported by cases, authorities, or compelling reasons.

11. Same—Questions Reviewable—Car Wash—Ordinance—Charters.

Assertion by defendant that ordinance regulating operation of car washes is invalid because not adopted in accordance with city charter is not considered, where raised for the first time in the Court of Appeals (Detroit City Charter, title 3, ch 1, §§ 17, 18; Detroit Ordinance No 119-G, §§ 39-1-90.1, 39-1-90.2, 39-1-90.3).

Appeal from Recorder's Court of Detroit; Maher (Richard M.), J. Submitted Division 1 June 8, 1967, at Grand Rapids. (Docket No. 2,283.) Decided December 6, 1967.

Rodney Raub was found guilty of keeping open and operating a coin-operated, self-service car wash between the hours of 10 p. m. and 7 a. m. in violation of an ordinance of the city of Detroit. Defendant appeals. Affirmed.

*Robert Reese*, Corporation Counsel, and *Robert D. McClear*, Assistant Corporation Counsel, for the people.

*Donald G. Schiff*, for the defendant.

HOLBROOK, P. J.   Defendant, Rodney Raub, was found guilty in recorder's court of the city of Detroit, traffic and ordinance division, of keeping open and operating a coin-operated, self-service car wash between the hours of 10 p. m. and 7 a. m. in violation of ordinance No 119–G, section 39–1–90.3 of the city of Detroit.[1]   Defendant has appealed to this Court[2] challenging the validity and constitutionality of the ordinance on several grounds as follows:

(1) The ordinance is an unconstitutional deprivation of property without due process of law (an unreasonable exercise of police power).[3]

(2) The ordinance denies equal protection of law.[4]

(3) The ordinance is void because of unlawful delegation of enforcement duties.

(4) The ordinance was not enacted in compliance with the charter of the city of Detroit.

---

[1] "An ordinance * * * to provide for the regulation of wash racks and motor vehicle laundries and to regulate the hours of operation. * * *

"Section 1. * * *

"Sec. 39–1–90.1.  It shall be the duty of the owner or operator of any wash rack or motor vehicle laundry to:

"(A) Keep the premises free of debris and litter;

"(B) Prevent excessive noise and rowdiness;

"(C) Maintain peace, order and safety on the premises.

"Sec. 39–1–90.2.  For the purposes of this ordinance a wash rack or motor vehicle laundry shall include all operations on the premises:

"(A) Where two or more motor vehicles may be washed simultaneously; or

"(B) Where facilities are provided for coin-operated or self-service washing of motor vehicles.

"Sec. 39–1–90.3.  Wash rack or motor vehicle laundries (as defined herein) shall not be open or operate between the hours of 10:00 p.m. and 7:00 a.m.

"Sec. 2.   This ordinance is declared necessary for the preservation of the public peace, health and safety and is hereby given immediate effect."

[2] *Walber* v. *Wayne Circuit Judge* (1966), 2 Mich App 145.

[3] US Const, Am 14, § 1; Const 1963, art 1, § 17.

[4] US Const, Am 14, § 1.

## 1. Exercise of Police Power.

It is fundamental that "where the exercise of
police power is applicable, the provision of the Con-
stitution declaring that property shall not be taken
without due process of law is inapplicable." *Wyant*
v. *Director of Agriculture* (1954), 340 Mich 602,
608. Also, see *People* v. *Damm* (1914), 183 Mich
554. At trial, defense counsel failed to urge or
even state any particular ground or theory of un-
constitutionality;[5] however, the trial court in ren-
dering its decision stated as follows:

"It seems to me we have a question about a rea-
sonable exercise of police power, and it would seem
to me that the common council being the legislative
body has a duty to conduct hearings and to enact
laws which are for the betterment of the public
health and welfare and morals of the public. And
after the hearings, they have come up with an ordi-
nance that restricts the operation of these busi-
nesses, probably due to several reasons, one of
which would be the fact that there are no persons
whatsoever on duty at all times to see that noise
and other things don't go on throughout the middle
of the night. I think that in view of the fact they
were public hearings and in view of the fact, I
believe, that there is here a reasonable exercise of
police power, that I'll find the defendant guilty."

There are essentially 3 points, to be taken in
progression, necessary to a determination of the
validity and constitutionality of the instant ordi-
nance as an exercise of the police power: First,
whether a coin-operated, self-service car wash busi-
ness is subject to regulation; second, whether the
hours during which the business might operate may
be fixed by a municipal ordinance; and third,

---

[5] See *People* v. *Hall* (1939), 290 Mich 15; *McBride* v. *Jacob*
(1918), 201 Mich 525; and *Fitch* v. *Board of Auditors of Claims
Against Manitou County* (1903), 133 Mich 178.

whether there is a reasonable relationship between the remedy and the public purposes necessitating its enactment.

*People* v. *Victor* (1939), 287 Mich 506, 512 states unequivocally that "it is clear that *any business or business practice may be regulated* if such regulation is necessary to the public welfare, health, morals and safety." (Emphasis supplied.) The record below indicates that the ordinance was necessary for several reasons: nearby residents had made numerous complaints of litter, excessive noise, beer drinking, and other disturbances during the late evening and early morning hours at defendant's car wash; these complaints were testified to at several hearings held prior to the enactment of the ordinance; a complaint seeking a preliminary and permanent injunction barring the operation of the car wash during the late evening and early morning hours had been filed in Wayne circuit court on the grounds that the business constituted a nuisance.

The nature of defendant's business is of relatively recent development. However, we find it to be a proper subject for regulation.

"The 'police power' is said to be a power or organization of a system of regulations tending to the health, order, convenience, and comfort of the people and to the prevention and punishment of injuries and offenses to the public.  *  *  *  It has for its object the improvement of social and economic conditions affecting the community at large and collectively with a view to bring about 'the greatest good of the greatest number.' Courts have consistently and wisely declined to set any fixed limitations upon subjects calling for the exercise of this power. It is elastic and is exercised from time to time as varying social conditions demand correction." *People* v. *Brazee* (1914), 183 Mich 259, 262.

The hours of business may be regulated pursuant to the exercise of police power where there is a necessity therefore and a legitimate and reasonable relation to public health, welfare, peace, and safety. See, 16A, CJS, Constitutional Law, § 671.

The ordinance has a legitimate and reasonable relationship between the remedy adopted and the public purposes necessitating its enactment. It requires defendant to close the car wash after 10 p.m. thereby eliminating excessive noises and undesirable disturbances and *a fortiori* preserving to nearby residents peace and tranquillity during late evening and early morning hours with reference to public health and welfare. The ordinance also thwarts potential rowdiness, "gang" groupings, and like activity thereby sustaining public safety. We find the ordinance in question to fall within the lawful and constitutional exercise of the police power and therefore conclude that it does not constitute a deprivation of property contrary to the constitutional guarantee of due process of law.

## 2. Equal Protection of Law.

Defendant contends that the ordinance is invalid as a denial of equal protection of law because it applies only to coin-operated car washes or to places where 2 or more cars may be washed simultaneously.

The rule to be applied in solving classification questions was set forth in *Gauthier* v. *Campbell, Wyant & Cannon Foundry Company* (1960), 360 Mich 510, 514, and fully restated in *Tracer* v. *Bushre* (1966), 3 Mich App 494, 499, as follows:

"The standards of classification are:

" '1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of dis-

cretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary.' "

The classification fixed by the ordinance in question does not appear to be arbitrary; and it appears to have some reasonable basis, *i.e.,* a coin-operated or self-service car wash lacks supervision in its operation and therefore requires regulation. Conversely, a single stall car washing facility, not coin-operated or of a self-service nature, such as those found in gasoline stations, does not lend itself to the "evils" heretofore ascribed to a coin-operated, self-service car wash and therefore does not require regulation.

### 3. DELEGATION OF ENFORCEMENT DUTIES.

Defendant asserts the ordinance to be void because it unlawfully delegates police duties (see section 39–1–90.1 of the ordinance, *supra*) to the owner or operator of a wash rack or motor vehicle laundry. He intimates, but fails to state specifically or present to this Court, the existence of other ordinances of the city of Detroit regulating "every matter" contained in the particular section of the ordinance delegating such duties.

No cases, authorities or compelling reasons are given this Court as supporting this assertion of

defendant—apparently there are none. An appellate court cannot effectually review matters inadequately presented and argued to it. "The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow." *Mitcham* v. *City of Detroit* (1959), 355 Mich 182, 203.

### 4. ORDINANCE ENACTMENT.

Defendant questions the validity of the ordinance by asserting that it was not enacted in accordance with the charter of the city of Detroit. The argument propounded is that the ordinance fails to state a public emergency on its face and therefore could not take effect until the 30th day after its approval.[6] This matter was not raised in the lower court but is raised in this Court for the first time. Therefore, it will not be considered. *People* v. *Wright* (1967), 6 Mich App 495; *People* v. *Fore* (1966), 5 Mich App 132; *People* v. *Willis* (1965), 1 Mich App 428.

Affirmed.

BURNS and MCGREGOR, JJ., concurred.

---

[6] Charter of the city of Detroit, title 3, chap 1, §§ 17 and 18.