PEOPLE *v.* TAYLOR

LARCENY—VALUE OF PROPERTY STOLEN—EVIDENCE.

    Competent evidence concerning the value of tractor-trailor tires, allegedly stolen by the defendant, existed where the vice-president of the company from which the tires had been stolen testified as to the tires' value and stated that he had been in the business of manufacturing tractor-trailers for about 28 years (MCLA § 750.356).

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 April 1, 1971, at Detroit. (Docket No. 10242.) Decided April 29, 1971.

Donald Taylor was convicted of larceny of property exceeding $100 in value. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Proescuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Richard R. Nelson,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and FITZGERALD and T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTE
50 Am Jur 2d, Larceny §§ 142, 148, 159.

PER CURIAM. Defendant was tried on an information alleging two offenses. The first count was larceny from a motor vehicle, a violation of MCLA § 750.356(a) (Stat Ann 1954 Rev § 28.588[1]). The second count charged the defendant with larceny of property valued at more than $100, a violation of MCLA § 750.356 (Stat Ann 1971 Cum Supp § 28.588).

Following an instruction from the trial judge that they could find the defendant guilty of either of the two counts but not both, the jury found the defendant guilty of larceny of property exceeding $100 in value. Defendant was sentenced to serve 18 months to 5 years in prison and appeals to this Court by right.

Defendant first contends that the prosecution did not establish the value of the stolen goods. Defendant was accused of stealing two large tractor-trailer tires. The prosecution placed on the stand a vice-president of the company from which the tires were stolen. The witness testified that the tires were worth $105 each wholesale and that he had been in the business of manufacturing tractor-trailers for about 28 years.

The witness's testimony presented a reasonable basis upon which the jury could have determined the value of the property involved. Since the jury's determination was based upon competent evidence, this Court will not set it aside. *People* v. *Spann* (1966), 3 Mich App 444; *People v Cunningham* (1969), 20 Mich App 699.

Defendant also raises two evidentiary issues to which no objections were raised below. In the absence of a manifest injustice, this Court will not review issues unless they are properly preserved by an objection. *People* v. *Raub* (1967), 9 Mich App 114; *People* v. *Kennedy* (1970), 22 Mich App

524. Our review of the record reveals that there has been no miscarriage of justice. We will not, therefore, review defendant's remaining two issues since they were not properly preserved for appeal.

Affirmed.