Frances D. Packett

v.

William C. Herbert, II, et al.

Record No. 861146

March 3, 1989

Present: All the Justices

*A. Davis Bugg, Jr. (Dunton, Simmons & Dunton,* on briefs), for appellant.

*William E. Glover (Russell H. Roberts; Harry T. Taliaferro, III; Roberts & Ashby; Smith and Murphy, P.C.,* on brief), for appellees.

WHITING, J., delivered the opinion of the Court.

Averring that the operation of a self-service car wash facility adjacent to her home constituted a nuisance, Frances D. Packett filed this suit in equity against William C. Herbert, II, Marianne Herbert, and Warsaw Super Wash, Inc. (the Herberts) for an injunction and damages. On Packett's motion, she was permitted to file an amended bill of complaint. In Count One, she made a claim for damages arising out of the alleged nuisance, and in Count Two she prayed for an injunction against its continued operation.

The Herberts filed a motion to require a severance of the two counts, and, thereafter, to require Packett to elect "whether to pursue a remedy at law for damages, as stated in Count One, or to pursue an equitable remedy such as an injunction, as stated in Count Two."

According to the order[1] entered in this suit, Packett advised the chancellor that she had no objection to the motion to sever,[2] and she elected to "proceed first with the action at law set forth in Count One, for which a jury trial was demanded." The chancellor denied Packett's "election to proceed first at law" and her request for a jury trial because he "must first find, in a Chancery action, whether a nuisance exists before an action at law can be maintainable."

■ Relying on the provisions of Code § 8.01-281[3] and of Rule 1:4(k),[4] Packett contends that she can join what she calls her action at law with this suit in equity. Neither the Code section nor the Rule support Packett's contention. Both provide for the assertion of alternative theories of recovery in an equity suit or in an action at law, whether based on legal or equitable 'grounds, but neither authorizes the assertion of different *rights of action*, with varying procedural rights,[5] in the same proceeding. If we adopted Packett's contention, we would be abolishing the traditional and marked distinction between law and chancery. We declined an invitation to do so in *Wright v. Castles*, 232 Va. 218, 222, 349

---

[1] For two reasons, we take no notice of Packett's unilateral statement of facts and "other incidents of the case," or of the reference in both parties' briefs to what happened before the chancellor. Because: (1) in ruling on a demurrer, we consider only the facts set forth in the complaint and the reasonable inferences drawn therefrom, *The Ryland Group v. Wills*, 229 Va. 459, 461, 331 S.E.2d 399, 401 (1985); and (2) unilateral assertions of fact by counsel are not considered a part of the record on review. *See* Rule 5:10.

[2] Because Packett did not object to the severance of her "law action" for trial, we cannot review that decision. Rule 5:25.

[3] Code § 8.01-281 provides in pertinent part:

A. A party asserting . . . a claim . . . may plead alternative facts and theories of recovery . . . .

B. The court may, upon motion of any party, order a separate trial of any claim . . . and of any separate issue . . . .

[4] Rule 1:4(k) provides in pertinent part:

A party asserting . . . a claim . . . may plead alternative facts and theories of recovery . . . . A party may also state as many separate claims . . . as he has regardless of consistency and whether based on legal or equitable grounds.

[5] The important difference in procedural rights in this case is that in this suit in equity Packett does not have an absolute right to a jury trial on her claim that the activities were a nuisance or on the issue of damages. If she had filed an action at law, the judge would have been required to order a jury trial upon her request. *See Stanardsville Vol. Fire Co. v. Berry*, 229 Va. 578, 583, 331 S.E.2d 466, 469-70 (1985). In her suit in equity, the matter is discretionary, unless a plea is filed. *Wright v. Castles*, 232 Va. 218, 222, 349 S.E.2d 125, 128 (1986).

S.E.2d 125, 128 (1986). Because this is a suit in equity and there was no motion for an issue out of chancery, we hold that the chancellor correctly held that he must first determine whether the activities complained of constituted a nuisance.

Packett also complains that the chancellor erred in sustaining each ground of the Herberts' demurrer and in dismissing the suit with prejudice. Count One of the amended bill of complaint claims damages for: (1) an averred impairment to Packett's health; (2) interference with her use of the property; and (3) impairment of the value of the property. Count Two prays for a permanent injunction against the averred nuisance. The amended bill of complaint also avers that

> those who patronize the car wash, which is automated and unattended at all times, talk, yell and curse in a loud and unseemly way . . . consume alcoholic beverages . . . use and sell illegal drugs . . . play stereos in their cars at loud and unreasonable volumes, engage in offensive conduct such as urinating in sight of plaintiff's residence, and throwing cans, bottles, wrappers and other trash onto plaintiff's property; moreover, the car wash facilities themselves generate loud noises which are clearly audible in plaintiff's home . . . 24 hours a day, seven days a week.

The grounds of the Herberts' demurrer are: (1) they could not be held responsible for the acts of their customers; and (2) the damages demanded were uncertain in origin and amount, and any damage award would subject the Herberts to danger of future litigation for the same or similar damages. Neither ground has merit.

The Herberts cannot avoid responsibility for the maintenance of a nuisance upon or near their property because the activities complained of were their customers', not their own. In our opinion, the Herberts could be responsible for their patrons' offensive actions amounting to a nuisance, if those activities occur on or near the premises, and are reasonably related to the operation of the car wash.

Courts of other states have indicated that one conducting a business or other activity on his premises may be liable for a nuisance if his patrons' objectionable conduct is shown to have some reasonable relation to the conduct of the business or activity, even though the acts complained of occurred off the premises. *Armory*

*Park* v. *Episcopal Community Services*, 148 Ariz. 1, 6-7, 712 P.2d 914, 920 (1985); *Barrett* v. *Lopez*, 57 N.M. 697, 701, 262 P.2d 981, 983 (1953); *Wade* v. *Fuller*, 12 Utah 2d 299, 302, 365 P.2d 802, 804-05 (1961). At least two jurisdictions have indicated that a self-service facility's owner may be held responsible for permitting a nuisance on the property arising out of the acts of the facility's customers. *Guillot* v. *Town of Lutcher*, 373 So. 2d 1385 (La. Ct. App.), *cert. denied*, 377 So. 2d 119 (La. 1979); *cf. People* v. *Raub*, 9 Mich. App. 114, 155 N.W.2d 878 (1967) (facility owner liable for criminal nuisance).

■ Although we have not passed on the precise issue, we have decided two cases in which the activities of third parties, using a public park conducted on the defendant's premises, were claimed to contribute to the alleged nuisance. In neither case did we distinguish between the owners' acts and those of the facilities' users. *Newport News* v. *Hertzler*, 216 Va. 587, 221 S.E.2d 146 (1976); *City of Lynchburg* v. *Peters*, 145 Va. 1, 133 S.E. 674 (1926). Accordingly, in our opinion, the averments of the bill of complaint are sufficient to create an issue of fact as to whether the Herberts were responsible for the conduct of a nuisance upon their property.

■ The next ground of the demurrer is "[t]hat the damages are uncertain in origin and amount and that any award of damages . . . would subject Defendants to the [danger] of future litigation for the same or similar damages." The Herberts argue that "[t]o allow Packett to pursue an award of damages through an equity claim for an injunction would be to render the amount of damages awarded uncertain and speculative." The Herberts cite no authority for this proposition, and we find none. Both parties recognize that we have sustained jury damage awards in law actions predicated on nuisance, despite claims that they were speculative. *Nat. Energy Corp.* v. *O'Quinn*, 223 Va. 83, 90, 286 S.E.2d 181, 185 (1982); *Southern Railway Co.* v. *McMenamin*, 113 Va. 121, 129, 73 S.E. 980, 982 (1912). We discern no reason for requiring a different level of proof of damages arising from the maintenance of a nuisance in an equity suit seeking an injunction and damages, as distinguished from an action at law to recover damages for the same wrong.

■ If Packett recovers damages for the permanent diminution in the value of her property, she may not recover those damages again in any later proceeding. Nor may she be awarded such dam-

ages and obtain an injunction against the continued operation of the nuisance. *See Miller* v. *Trueheart and Others,* 31 Va. (4 Leigh) 569 (1833) (injunction awarded against reconstruction of a mill dam destroyed by flood, although moving party previously was awarded damages arising out of maintenance of earlier mill pond, drained when mill dam destroyed). Any such injunction would give her a double recovery in that she would have recovered for future loss of value of her property in the award of damages and then had that value restored upon the defendant's compliance with the injunction. *Cf. Norfolk & W. R. Co.* v. *Allen,* 118 Va. 428, 438, 87 S.E. 558, 561 (1916).

Arguing that because they would be subjected to future litigation for similar damages if an initial award of damages should be made in the equity suit in the absence of an injunction, the Herberts contend that no damages can be awarded absent an injunction. Once having assumed jurisdiction of the cause, a chancellor can make an award of all damages to the adjoining owner arising out of the maintenance of a permanent nuisance *if* no injunction is awarded. *See Hampton Roads Sanitation District* v. *McDonnell,* 234 Va. 235, 239, 360 S.E.2d 841, 842 (1987) (successive awards proper where nuisance not of permanent nature and damage from nuisance occurs at intervals).

On the other hand, if the nuisance can be abated, the adjoining owner is only entitled to such damages as he may have sustained up to the time of the abatement of the nuisance, not including damages for the permanent diminution in the value of his property.

Therefore, to the extent that the chancellor denied *any* of Packett's claims for damages if she should seek an injunction, his ruling was also in error.

For the reasons assigned, we conclude that the chancellor erred in sustaining the demurrer, and we will reverse and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*