JULIE DABNEY PICKHAM JACOBS

v.

SHERWIN JOHN JACOBS

SHERWIN JOHN JACOBS

v.

JULIE DABNEY PICKHAM JACOBS

No. 0437-90-3

Decided July 23, 1991

COUNSEL

Tommy Jo Williams, for appellant.

Sherwin John Jacobs, pro se.

OPINION

**DUFF, J.**—This appeal is from an award of equitable distribution. The issue raised is whether the trial court erred in placing a value on the wife's stock interest in a closely held corporation.

Sherwin and Julie Jacobs established International Diversified Products Corporation ("Corporation"), trading under the name of Lock, Stock & Barrel. The corporation was financed from marital funds, as well as funds provided by husband's father. .

The Jacobs separated in 1976 for a brief period. Upon reconciliation, Mr. Jacobs placed fifty percent of his shares of the corporation (approximately thirty-two percent of the outstanding stock) in Mrs. Jacobs' name. However, in April 1986, the Jacobs again separated and were divorced in May 1987.

The matter of equitable distribution was referred to a Commissioner in Chancery, who recommended an equal distribution of marital assets. The court affirmed the commissioner's findings in full, and further ordered the parties to retain the shares of the corporation's stock which they individually possessed. The court adopted the commissioner's finding that International Diversified Products Corporation had a value of $500,000. The court determined that each party's stock interest had a value of $161,500. Consequently, the marital assets in Mrs. Jacobs' possession amounted to $190,165.09, and the marital assets in Mr. Jacobs' possession amounted to $175,991.41. Therefore, Mrs. Jacobs was ordered to pay Mr. Jacobs $7,086.84 to effectuate an equal division of the marital assets.

Mrs. Jacobs' challenge is based on the trial court's ruling that her stock had a value of $161,500, which in effect precluded her from receiving a monetary award. When "a determination of the value of marital property is dispositive of the amount of a monetary award, that determination by the trial court must be reviewable and have a foundation in the evidence presented."

*Trivett v. Trivett*, 7 Va. App. 148, 155, 371 S.E.2d 560, 564 (1988). While the parties each owned approximately thirty-two percent of the corporation's stock, Mr. Jacobs had, together with his father, control over the business. In fact, the record shows that the value of Mrs. Jacobs' stock interest depended entirely on what Mr. Jacobs or the corporation felt her stock was worth. Mr. Jacobs admitted that the corporation is totally controlled by him; that the majority of the stock, more than sixty-six percent is owned by him, his father, and his father's corporation; and that the Board of Directors is composed of Mr. Jacobs, his brother and his sister.

Moreover, the evidence reveals that Mr. Jacobs has used a substantial amount of the corporation's assets for his own personal benefit. Specifically, he testified that he paid his children out of the corporation; he often ran household furnishings through the corporation; he deducted his vehicles and other expenses from the corporation; and he and his new wife received their salaries from a subsidiary corporation. The corporation has two wholly owned subsidiaries, one of which pays four or five thousand dollars a year for a condominium used and controlled by Mr. Jacobs.

In determining whether to grant a monetary award and the amount of the award the court must consider the "equities and rights and interests of the parties in the marital property and not [the] legal title." *Trivett,* 7 Va. App. at 151, 371 S.E.2d at 562. We hold that the trial court erred in determining that since approximately thirty-two percent of the corporation's stock was in Mrs. Jacobs' name, she owned an asset worth a fair market value of $161,500. Mrs. Jacobs is a minority shareholder, having no power of control, in a closely held corporation that pays no dividends. Her stock is essentially worthless until the corporation is dissolved and its assets liquidated. Moreover, the evidence established that the husband used the corporation as a vehicle for employing his family and relatives and as a vehicle to provide for his own personal and lifestyle needs. Mr. Jacobs has exercised his control of the corporation to borrow funds and to encumber the assets of the corporation. Code § 20-107.3(E)(9) requires the trial court, in determining the amount of the monetary award, to consider "[t]he liquid or non-liquid character of all marital property."

While the circuit court does not have the authority to order the transfer of stock, we find the court must take into consideration the non-liquid nature of Mrs. Jacobs' interest. After considering the non-liquid nature of this stock, the evidence does not support the conclusion that Mrs. Jacobs' stock interest is equal in value to Mr. Jacobs's interest. Accordingly, we reverse and remand this issue to the trial court for further proceedings regarding the valuation of the minority stock interest. *See* Golden, *Equitable Distribution of Property*, Closely Held and Professional Corporations §§ 7.08-7.11, at 201 (1983 & Supp. 1990).

Mr. Jacobs, in his cross-appeal, alleges the trial court erred in requiring him to pay two-thirds of the cost of the audit commenced, but never completed, by A.D. Smith & Associates ("Smith"). Smith was retained by Mrs. Jacobs pursuant to the court's order to have an accounting firm perform an audit to determine the value of the corporation. On December 14, 1987, Mrs. Jacobs' prior counsel was informed by Smith that their accounting firm did not do valuations, and, therefore, it was impossible for them to comply with the court's order. Mrs. Jacobs' counsel advised Smith to continue the audit, with the understanding that someone else would perform the valuation using the audited financial statements prepared by Smith. Neither Mr. Jacobs nor the court was aware of this arrangement until October 1989.

The record reveals that due to Mr. Jacobs' failure to forward certain documents, the audit was not going to be completed within the time period requested by Mrs. Jacobs. Her counsel requested that Smith forward all documents they had received to date to the firm of Savitz, Wallace & Associates for an unaudited valuation. Smith subsequently was released from all duties and obligations by court order dated August 26, 1988.

Mr. Jacobs contends it was improper for Mrs. Jacobs' counsel to authorize Smith to proceed with an audit of the corporation after he had discovered this firm was unable to comply with the order of the court. He further contends that needless costs and expenses were incurred due to this improper conduct. Therefore, he claims the trial court erred in ordering him to pay for two-thirds of Smith's fee.

On remand, the trial court should make a factual determination regarding whether Mrs. Jacobs' prior counsel acted improperly in

authorizing Smith to continue with the audit after being informed that Smith would be unable to perform a valuation. Based upon that finding, the court may make a further determination as to whether or not Mr. Jacobs is responsible for any of this cost.

*Reversed and remanded.*

Koontz, C.J., and Benton, J., concurred.