## CIRCUIT COURT OF FAIRFAX COUNTY

Dulles Corner
Properties II L.P. et al.

v.

Ray F. Smith et al.

### May 7, 1992

### Case No. (Law) 113399

BY JUDGE J. HOWE BROWN

This matter is before the Court on the defendants' demurrer to the Motion for Judgment. After hearing oral argument, the Court took the case under advisement to consider the memorandums submitted and relevant case law. For the reasons set forth below, the Court sustains the demurrer.

Defendants demur on the basis that an action at law based on a partnership claim may not properly be brought until there has been an accounting in equity. The general rule in partnership claims is that an action at law by one partner against his copartners will not lie on a claim growing out of the partnership transactions until the business is wound up and the accounts finally settled. *Summerson v. Donovan*, 110 Va. 657, 659 (1910).

> [O]ne partner cannot maintain an action at law against the firm, nor can the firm maintain an action at law against one of its members, so long as the relation between the parties subsists. Nor can one partner maintain an action against the other partners of the concern upon a contract entered into between him and the firm.

*Wright v. Michie*, 47 Va. (6 Gratt.) 354, 357–58 (1849). No one can be both plaintiff and defendant in the same action at law. *Id.* at 358.

The *Wright* court did recognize one exception to the general rule:

> But if a contract, though made concerning the partnership affairs, and in furtherance of the joint undertaking, is the

> individual contract of the partners who are not parties to it,
> if it is made by them in their own names and not in the name
> of the firm, the objection does not apply.

*Id.* Plaintiffs urge this court to make another exception to the rule, by allowing an action at law for a claim of breach of fiduciary duty prior to any action in equity for an accounting. *See generally* 59A Am. Jur. 2d *Partnership*, § 623. This court does not find that this exception exists under Virginia law.

No Virginia cases have been cited in support of this exception, and none have been found. Moreover, in at least one of the cases from other jurisdictions in which this exception was noted, the court based its decision in part on the merger of law and equity in that state. *See Balcor Income Properties v. Arlen Realty*, 420 N.E.2d 612, 613 (Ill. App. 1981). Virginia retains the traditional and marked distinction between law and chancery and has consistently refused to abolish it. *See, e.g., Packett v. Herbert*, 237 Va. 422, 424–25 (1989). This Court thus rules that the claims of breach of fiduciary duty in the partnership relationship should not be brought at law until there has first been an accounting in equity.

Defendants also demur on the grounds of a misjoinder of actions and parties. Disparate causes of action by different plaintiffs are filed against the various defendants in this action at law, seeking a combination of both legal and equitable relief. Count I is properly brought as an action at law for breach of a lease agreement between one of the plaintiffs and the corporate defendant. Counts II through V are claims by various combinations of the plaintiffs against the other defendants based on a breach of partnership obligations, which thus relates to a different "transaction or occurrence" than is alleged in Count I. *See generally* Code §§ 8.01–272, 8.01–281(A); Rule 1:4(k), Rules of Supreme Ct. of Va.; *Fox v. Deese*, 234 Va. 412, 422–23 (1987). In Count V, two of the plaintiffs seek the Court in an action at law to intervene into the internal affairs of a partnership by ordering the removal and the replacement of the managing partner. The Court finds that there has been a misjoinder in this action at law.

Defendants also demur on the basis that the plaintiffs have failed to allege facts which would support an award of attorney's fees in Counts II, III, and IV. Generally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from a losing litigant. *Mullins v. Rich-*

*lands National Bank*, 241 Va. 447, 449 (1991). Citing *Hiss v. Friedberg*, the plaintiffs argue that they only seek to recover attorney's fees incurred in making the partnership whole as an element of damages caused by defendants' breaches of fiduciary duty, since they were forced into litigation with a third party (in Count I of this suit).

Where a breach of contract has forced a plaintiff to maintain or defend a suit with a third person, he may recover counsel fees incurred by him in the former suit provided they are reasonable in amount and reasonably incurred. *Hiss v. Friedberg*, 201 Va. 572, 577 (1960). This exception has also been recognized in a case involving a claim of breach of fiduciary duty based on a brokerage contract. *Owen v. Shelton*, 221 Va. 1051, 1056 (1981). The Court finds, however, that the Motion for Judgment here does not sufficiently allege that the attorney's fees requested are only those based upon previous litigation with the third party due to the defendants' breach of fiduciary duty. Instead, there is only a general request for attorneys' fees without differentiation.

For the above reasons, the Court sustains the demurrer. Leave to amend is granted as well as leave to sever the actions and file separate suits as appropriate.