## CIRCUIT COURT OF LOUDOUN COUNTY

Robert Cornwell et al.

v.

Samuel W. Maruca
and Angeline W. Maruca

September 30, 1993

Case No. (Chancery) 15070 and (Law) 14350

BY JUDGE JAMES H. CHAMBLIN

These cases are before the Court on the Demurrers of the defendants, Samuel W. Maruca and Angeline W. Maruca, to the Bill of Complaint for Injunction in Chancery No. 15070 and to the Amended Motion for Judgment in Law No. 14350. The Court heard oral argument on September 3, 1993.

For the reasons that follow, the Demurrer is sustained in part and overruled in part in Law No. 14350 and overruled in Chancery No. 15070.

Because these cases are before the Court on demurrers, the facts alleged in the Amended Motion for Judgment in Law No. 14350 and the Bill of Complaint in Chancery No. 15070 are taken as true. Therefore, all facts stated herein are derived from the applicable pleading.

### Demurrer to the Law Action

The gist of the facts alleged in the Amended Motion for Judgment can be summarized as follows.

The actions of the defendants in parking a tractor on land adjacent to the plaintiffs' land or not more than thirty feet away (across an old road bed) belonging to the defendants, covering the tractor with plastic, leaving tires, trash, wood and plastic on the land, hanging plastic in

bushes on the land, failing to mow the land or mowing it irregularly, depositing trash along the old road bed and leaving trash on the land to be scattered by the wind onto the plaintiffs' property has continuously interfered with the plaintiffs' enjoyment of their property and has caused a nuisance to the plaintiffs. The defendants have demurred on three grounds: (1) the Amended Motion for Judgment fails to state a cause of action for nuisance, (2) even if nuisance is properly alleged, any appropriate damage or injury resulting from the alleged nuisance has not been alleged, and (3) no facts are alleged which would support punitive damages.

### Failure to State a Cause of Action

A nuisance includes "everything that endangers life or health or obstructs the reasonable and comfortable use of property." *Barnes v. Quarries, Inc.*, 204 Va. 414, 417 (1963). "Stated another way, a private nuisance is an activity which unreasonably interferes with the use and enjoyment of another's property." *Newport News v. Hertzler*, 216 Va. 587, 592 (1976). No facts are alleged which show in any way that the defendants' actions endanger life or health. Therefore, the issue is whether the facts, as alleged, if proven, would support a finding that the defendants' actions unreasonably interfered with the plaintiffs' use and enjoyment of their property.

The proper way to approach this issue is to ask whether under any circumstances, whatever they may be, the defendants' actions as alleged would never unreasonably interfere with the plaintiffs' enjoyment and use of their property. The actions of the defendants, the extent of the effect of such actions on the land, and the extent of the items left on the land are very difficult to describe qualitatively with words in a pleading. Reasonableness is a matter that should be ultimately determined on the basis of the evidence as opposed to allegations in a pleading unless there is no possibility that the alleged actions could be deemed unreasonable. This is the reason for Rule 3:16(b) as to allegations of negligence.

In this case, I cannot say that it is not possible for the trier of fact to deem the defendants' actions as alleged to be unreasonable.

Further, I cannot say that the defendants' actions are merely trifling or an imaginary annoyance offending the sensibilities of fastidious persons as in *Bragg v. Ives*, 149 Va. 482 (1927).

Finally, I do not agree with the defendants' assertion that "there must be some encroachment onto the property of another," citing *National Energy Corp. v. O'Quinn*, 223 Va. 83 (1982), and *Packett v. Herbert*, 237 Va. 422 (1989). The defendants did not define "encroachment." It cannot be limited to a physical or tangible encroachment because *Packett* concerned noise from a car wash facility. I do not see why light should be treated different from sound. Certainly, if the sense of hearing can be so affected as to constitute a nuisance, then so can the sense of sight.

The Demurrer is overruled on this ground.

### Compensatory Damages Alleged

The plaintiffs seek compensatory damages for loss in value to their property resulting from the claimed nuisance and simple damages for the claimed nuisance.

The Demurrer is sustained to the prayer for compensatory damages for loss in value to the plaintiffs' property because the nuisance can be abated by removal of the allegedly offensive items and a proper mowing of the land. No permanent nuisance is alleged. Therefore, because the nuisance can be abated, the plaintiffs can only recover damages sustained up to the time of the abatement of the nuisance, not including damages for the permanent diminution in value of their property. *Packett*, 237 Va. at 427. The Demurrer is overruled as to the claim for other damages for the nuisance. The defendants can ascertain during discovery what damages, if any, the plaintiffs have sustained.

### Punitive Damages Claim

The Demurrer is sustained on this ground because I am of the opinion that the facts as alleged do not support a finding that the defendants acted under circumstances amounting to a willful, wanton or reckless disregard for the plaintiffs' rights. The plaintiffs' claim is one of nuisance which means an interference with the use and enjoyment of their property. There is no claim for intentional infliction of emotional distress. Within the limits of reason and the law, a person should be able to do with his property as he pleases. People take care of their properties in different manners, and all people are not going to react the same to a given situation on the property adjacent to them. There is nothing inherently wrong or evil with parking a tractor on a parcel of land, failing to mow the land, stacking tires on it or the other acts

alleged to have been done by the defendants. The Demurrer is sustained on this ground.

### Demurrer to Bill for Injunction

In Chancery No. 15070, the plaintiffs allege the same facts as in Law No. 14350, but they seek to enjoin permanently the defendants from the conduct alleged and to remove the tractor, tires, plastic, wood and trash from the land and to have it mowed. In short, they seek a permanent injunction for the very same nuisance they seek damages for in the law case.

The defendants' Demurrer appears to be an argument that this Court has no jurisdiction because the plaintiffs do have an adequate remedy at law (they have sued for damages in Law No. 14350) and they cannot have the permanent injunction and damages for permanent diminution in value of the land at the same time. I ruled in the law case that the facts alleged could support a nuisance depending upon the evidence at trial. Therefore, these same allegations in the suit for an injunction would support a request to enjoin or abate the nuisance, and if the nuisance is abated, then the plaintiffs would be entitled to damages sustained to the abatement of the nuisance, not including damages for a permanent diminution in value of their property. *Packett*, 237 Va. at 427. *Packett* recognizes the principle that in a nuisance case, the plaintiff can seek an abatement of the nuisance and also recover damages sustained to the time of abatement. In such a case, the injunction is available because the plaintiff does not have a full, complete and adequate remedy at law. If a non-permanent nuisance could not be abated in equity, then a plaintiff would have to file continuous actions at law for damages caused by the nuisance. I feel that the defendants' Demurrer was most prompted by the request for damages for decrease in value of the plaintiffs' land in the law case which has been held to be improper because the nuisance alleged can be abated.

The Demurrer is overruled.