# CIRCUIT COURT OF AMHERST COUNTY

Eastern Industrial Services, Inc.

v.

Michael E. Lee
and M. E. Lee, Inc.

### Case No. (Chancery) 7911

BY JUDGE J. MICHAEL GAMBLE

### August 18, 1997

I am writing this letter to rule on the defendants' Demurrer. The Demurrer is overruled on all but one ground. Plaintiff is granted leave to amend the Bill of Complaint on the one ground of the Demurrer that was sustained.

Before addressing the specific rulings, I will discuss generally the law that applies to joining law and chancery matters. Section 8.01-270 of the Code of Virginia provides that no case shall be dismissed simply because it was brought on the wrong side of the court. This code section also allows the court to direct transfer of the action to the proper forum and require any amendments to the pleadings that may be necessary. For instance, when the pleading does not show any right to equitable relief, the court may transfer the case to the law side of the court. *Pennsylvania-Little Creek Corp. v. Cobb*, 215 Va. 44, 46 (1974). Further, it is settled that equity does not have jurisdiction where a plaintiff has a full, complete, and adequate remedy at law. *Ewing v. Dutrow*, 128 Va. 416, 420 (1920). See also 7A M.J., *Equity*, § 10. Nonetheless, once equity acquires jurisdiction, it never loses the jurisdiction because some part of the matter involves legal remedies, even in matters which, considered alone, it would not have jurisdiction. *Stevens v. Sparks*, 205 Va. 128, 133 (1964); *Lowry v. Gills*, 143 Va. 79, 88 (1925).

The question before the Court, in view of the above cases, is whether equity has acquired jurisdiction in this case even though legal actions have been pleaded. Count 1 and Count 5 allege breach of fiduciary duty and seek damages. Count 2 alleges intentional interference with contract and also seeks damages. Standing alone, these counts would normally be brought on the law side of the Court. The plaintiff, however, has prayed for remedies that are customarily chancery remedies. For instance, the plaintiff seeks a court-ordered dissolution of the corporation. In *Giannotti v. Hamway*, 239 Va. 14, 28 (1990), the Supreme Court of Virginia held that a court of equity is given full power to liquidate a corporation. In conjunction with this, the plaintiff has pleaded for an accounting. Section 8.01-31 of the Code of Virginia (1950), as amended, provides that an accounting is an equitable matter.

The plaintiff has also sought general injunctive relief and injunctive relief under § 18.2-500 of the Code of Virginia (1950) as amended. Injunctive relief, of course, is equitable relief. Additionally, the plaintiff has alleged fraud against the corporation. Again, because injunctive relief is sought, equity must take jurisdiction because law will not provide a complete remedy. *Upton v. Produce Co.*, 147 Va. 937, 944 (1926).

The plaintiff also seeks a constructive trust. Again, the Supreme Court of Virginia has held that equity has jurisdiction of constructive trust. *Sweeney v. Patton*, 134 Va. 117, 122-123 (1922).

It is the ruling of this Court that legal and equitable actions and remedies have been pleaded by the plaintiff. These matters are so related that equity has acquired jurisdiction. Accordingly, all matters will be heard on the equity side of the Court, and the Demurrer is overruled in this respect.

The Demurrer also asserts that there can be no dissolution because no shareholder has initiated the dissolution proceedings as set forth in § 13.1-747 of the Code of Virginia (1950), as amended. Upon a review of § 13.1-747, it does not appear that the corporation can take action in its own name for dissolution unless it is through its board of directors. Accordingly, the Demurrer is granted unless the proceeding is brought by a shareholder under § 13.1-747(A)(1), or a creditor under § 13.1-747(A)(2), or by application of the board of directors under § 13.1-747(A)(4). The plaintiff is granted leave to amend its Bill of Complaint to satisfy this requirement. The Court directs that the plaintiff amend the Bill of Complaint by October 10, 1997. Thereafter, the defendant will have twenty-one days after filing of the Amended Bill of Complaint to file such further responsive pleadings as it deems appropriate.

October 22, 1997

I am writing this letter to rule further in the above case. I have ruled on the initial demurrer of the defendants in this case. Thereafter, the defendants requested that I reconsider the ruling of the Court based upon the decisions of the Supreme Court of Virginia in *Wright v. Castles*, 232 Va. 218 (1986), and *Packett v. Herbert*, 237 Va. 422 (1989). Additionally, the plaintiff, pursuant to the previous order of the Court, filed its amended pleading in this matter. The defendants thereafter filed an additional demurrer. I am writing this letter to rule upon the request to reconsider and to rule upon the additional demurrer. In this regard, in view of the Virginia Supreme Court decisions set forth above, I am setting aside my earlier ruling on the first demurrer of the defendants. Counts I, II, IV, V, and VI of the amended motion for judgment are transferred to the law side of the court. The proper plaintiff in these cases is Eastern Industrial Services, Inc. Count III, together with the prayers for injunctive relief, accounting, and constructive trust, will remain on the equity side of the court. Eastern Industrial Services, Inc., is the proper plaintiff in these cases. Count VII, the corporate dissolution action, will be severed as a separate action on the chancery side of the court. R. H. Franklin is the proper plaintiff in this case, and Eastern Industrial Services, Inc., is aligned as a defendant.

*Wright v. Castles, supra* at 222, and *Packett v. Herbert, supra* at 424-425, set forth the firm commitment of Virginia to the distinction between law and chancery actions. In *Wright v. Castles*, the Supreme Court of Virginia considered whether an injunction preventing the defendants from use of plaintiffs' right of way was *res judicata* to a law action brought by plaintiffs against defendants for damages under the theory of slander of title. The Supreme Court of Virginia reversed the trial court, holding these are separate causes of action, and an action for monetary damages must be brought on the law side of the court and an action for injunctive relief on the equity side of the court. *Wright v. Castles, Id.* at 224.

Likewise, in *Packett v. Herbert*, the plaintiff, alleging nuisance, prayed for both damages and an injunction. Overruling the trial court, the Supreme Court of Virginia held that different rights of action (law and equity) cannot be asserted in the same proceeding. 237 Va. at 424.

In the instant case, Count I of the amended bill of complaint alleges breach of fiduciary duty, a law action. Count II alleges interference of contract, a law action. Count IV alleges breach of fiduciary duty, a law action. Count V appears to be a law action, seeking damages for breach of duty. Count VI

seeks damages for fraud, a law action. These are all damage cases which should be on the law side of the court.

On the other hand, Count III alleges conspiracy to injure the plaintiff under § 18.2-499 *et seq*. Injunctive relief and damages are sought under § 18.2-500. Additionally, traditional chancery remedies of injunctive relief, accounting, and constructive trust are sought. Once equity has taken jurisdiction in these matters, it will decide all of the issues involved within the parameters of this relief which is sought. *Patterson v. Saunders*, 194 Va. 607, 610 (1953).

Next, upon a further review of § 13.1-747 of the Code of Virginia, it is apparent that a proceeding for dissolution of a corporation must be brought by a shareholder as plaintiff. In particular, § 13.1-747(A)(1) states as follows: "In a proceeding by a shareholder if it is established that ... ." This statute anticipates a shareholder will be plaintiff. Likewise, § 13.1-747(D) indicates that it is not necessary to make directors or shareholders parties to the proceeding. Implicit from this, the corporation must be made a defendant. Otherwise, there would be no defendant. It is certainly proper to join the other shareholder, Michael E. Lee. Nonetheless, the corporation must be a defendant.

Accordingly, I sustain the first demurrer and the second demurrer. The original order overruling the first demurrer is set aside. The plaintiff, Eastern Industrial Services, Inc., is directed to prepare a motion for judgment to be filed on the law side of the court setting forth the claims for relief under Counts I, II, IV, V, and VI. The plaintiff, Eastern Industrial Services, Inc., is to file a second amended pleading in Case # 7911 setting forth the equitable relief sought. Next, R. H. Franklin is directed to file a separate dissolution action in chancery naming Eastern Industrial Services, Inc., as defendant. All of these amended pleadings are to be filed within twenty-one days after entry of the decree implementing the decision set forth in this letter. Thereafter, the defendants will have twenty-one days from the date of filing of the plaintiff's pleadings to file such responsive pleadings as they deem appropriate.

I have decided that the law actions seeking damages will be tried first. Thereafter, the actions for injunctive relief will be tried. Then, if necessary, the dissolution action will proceed to trial.