COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


BARRI L. FERRARO

v.   Record No. 1117-99-1

GLENN ROBERT FERRARO                    MEMORANDUM OPINION[*] BY
                                         JUDGE LARRY G. ELDER
GLENN ROBERT FERRARO                        MARCH 7, 2000

v.   Record No. 1180-99-1

BARRI L. FERRARO


              FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

          John F. Rixey for Barri L. Ferraro.

          Donald K. Butler (Ann Brakke Campfield;
          LeeAnn N. Barnes; Morano, Colan & Butler, on
          briefs), for Glenn Robert Ferraro.


     Barri L. Ferraro (wife) and Glenn R. Ferraro (husband) have

filed cross-appeals from the ruling of the York County Circuit

Court granting them a divorce and making spousal support and

equitable distribution awards.  We find no reversible error and

affirm the ruling of the trial court.

     We note at the outset that, on appeal, we consider the

evidence on a particular issue in the light most favorable to

the party who prevailed on that issue in the trial court.  See

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

<u>Wilson v. Wilson</u>, 12 Va. App. 1251, 1254, 408 S.E.2d 576, 578 (1991). "The judgment of a trial court sitting in equity, when based on evidence heard <u>ore</u> <u>tenus</u>, will not be disturbed on appeal unless plainly wrong or without evidence to support it." <u>Peple v. Peple</u>, 5 Va. App. 414, 423, 364 S.E.2d 232, 237 (1988).

## I.

## WIFE'S APPEAL, RECORD NO. 1117-99-1

Wife contends on appeal that the trial court erred in (1) holding wife solely responsible for $49,947 in credit card debts incurred post-separation; (2) admitting evidence of husband's 1998 income in a March 15, 1999 hearing when that evidence had not previously been provided to wife in discovery; and (3) reducing wife's expenses and determining that she could earn $3,700 per month on assets received in the equitable distribution such that she needed only $3,000 per month in spousal support.

## A.

## CREDIT CARD DEBT

Code § 20-107.3(C) provides that "[t]he court shall . . . have the authority to apportion and order the payment of the debts of the parties, <u>or either of them</u>, that are incurred prior to the dissolution of the marriage, based upon the [ten] factors listed in subsection E" of that same code section. <u>Id.</u> (emphasis added). Those factors include "the basis for such debts and liabilities," and "[s]uch other factors as the court

deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award." Id. (E)(7), (10). Where a party claims a post-separation debt is marital, "'the burden is on the party who last had the funds to establish by a preponderance of the evidence that the funds were used for living expenses or some other proper purpose.'" Luczkovich v. Luczkovich, 26 Va. App. 702, 714, 496 S.E.2d 157, 163 (1998) (quoting Clements v. Clements, 10 Va. App. 580, 587, 397 S.E.2d 257, 261 (1990)).

Here, wife bore the burden of establishing that the debt of almost $50,000 she incurred on various credit cards, which she obtained after the parties' separation and in her name only, resulted from her payment of living expenses or some other proper purpose. See id. Although wife testified about the items she purportedly charged, she provided no credit card account statements to support her testimony. She gave general testimony about the types of items she purchased but was unable to quantify what percentage of the debt resulted from any particular type of expenditure. Further, she admitted that some of the medical expenses she claimed to have charged were reimbursed and could not establish which expenses were not. We hold the trial court did not abuse its discretion in concluding that the record contained "no evidence, that the court can relate to, that would identify any specific item as a legitimate marital debt under the definition." Therefore, we reject wife's

invitation to reverse the ruling of the trial court on this ground.

B.

ADMISSIBILITY OF HUSBAND'S 1998 INCOME FIGURES

Determining "the admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Evidence is generally admissible if it is both relevant and material. See Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). Here, the trial court was under a duty to determine the current financial status of the parties for purposes of calculating husband's support obligation. See, e.g., Jacobs v. Jacobs, 219 Va. 993, 995, 254 S.E.2d 56, 58 (1979) (decided under former Code § 20-107); see also Code § 20-107.1(1), 1994 Va. Acts ch. 518.[1] It also was required to consider the tax consequences insofar as "necessary to consider the equities between the parties." Code § 20-107.1(9). Therefore, husband's 1998 income figures, the

---

[1] Although Code § 20-107.1 was amended in 1998, the legislature specifically provided that those amendments "shall apply only to suits for initial spousal support orders filed on or after July 1, 1998." 1998 Va. Acts ch. 604. Wife's request for spousal support was made in her 1996 bill of complaint. Therefore, the 1998 amendments to that code section do not apply. See 1994 Va. Acts ch. 518 (version of Code § 20-107.1 preceding 1998 amendments).

most current income information then available, was relevant for the court's consideration.

In addition, Gregory F. Lawson's information regarding the tax consequences of a spousal support award set at a figure between $3,000 and $5,000 was probative of the amount of the award to be set in spite of the fact that this amount was lower than the sum husband previously had paid wife voluntarily. Husband's evidence established that wife could earn investment income on her equitable distribution award, which income the court was required to consider in determining husband's spousal support obligation. See Code § 20-107.1(1), (8); see Rowe v. Rowe, 24 Va. App. 123, 129, 480 S.E.2d 760, 767 (1997). Although a spouse may not be required to invade funds or other assets received pursuant to the equitable distribution, a court must consider any income the award may produce. See Rowe, 24 Va. App. at 129, 480 S.E.2d at 767. Finally, wife would have been entitled to cross-examine the expert to determine the tax consequences to husband of a spousal support obligation set at higher levels more similar to the sums husband actually had been paying. For these reasons, we conclude that the challenged evidence was relevant and unquestionably admissible if timely produced.

We assume without deciding that husband's production of his 1998 income figures on the last day of testimony on the issue of

spousal support constituted a violation of a continuing duty to produce such records as imposed by the court. However,

> "Rule 4:12 gives the trial court broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery." And a trial court's decision to admit evidence that is not timely disclosed, rather than impose the sanction of excluding it, will not be reversed unless the court's action amounts to an abuse of discretion.

Rappold v. Indiana Lumbermens Mutual Ins., 246 Va. 10, 14, 431 S.E.2d 302, 305 (1993) (quoting Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990)).

Here, although wife likely was surprised by the 1998 income figures, the only sanction she requested was exclusion. She did not request a continuance in order to review and prepare a response to those figures, even after the trial court denied her motion to exclude the evidence. Under these circumstances, given the relevance of the 1998 income figures to an accurate determination of husband's ability to pay spousal support, we hold the trial court did not abuse its discretion in refusing to exclude the evidence.

### C.

### SPOUSAL SUPPORT AWARD

Decisions concerning spousal support "rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994).

In awarding spousal support, the trial court must consider the factors set out in Code § 20-107.1.[2]  "Those spouses deemed entitled to support have the right to be maintained in the manner to which they were accustomed during the marriage, but their needs must be balanced against the other spouse's financial ability to pay."  Dukelow v. Dukelow, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1986).  "When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal" absent a clear abuse of discretion.  Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992).

Wife challenges the trial court's ruling that both the amount of spousal support husband was able to pay and the amount of spousal support wife needed were lower than wife represented.  Viewing the evidence in the light most favorable to husband, as we must on appeal, we hold that the trial court's rulings did not constitute an abuse of discretion.  At the March 15, 1999 hearing, the trial court heard extensive evidence from the parties and explained his consideration of each of the statutory factors in detail at the March 15, 1999 hearing.

This evidence, viewed in the light most favorable to husband, supported the trial court's "adjustments" to wife's expense sheet, based on its finding that the expenses were "overstated" and that "she [was] unable to justify . . . or

---

[2] See supra note 1.

explain the numbers." We also find no abuse of discretion in the trial court's determination that wife's need for spousal support was reduced by the investment income she could earn on her share of the equitable distribution. Although a spouse may not be required to invade funds or other assets received pursuant to the equitable distribution, a court must consider any income the award may produce. See Rowe, 24 Va. App. at 129, 480 S.E.2d at 767.

Balancing wife's need against husband's ability to pay support does not alter our holding. We reject wife's argument that husband's income and level of support in 1997 and previous years was more probative of the parties' lifestyle and husband's ability to pay support than his income and level of support in 1998. Husband testified that some of his corporations had suffered business reversals in 1998, thereby reducing their profitability. He also explained that the amount of money he received from the corporations in 1997 was not an accurate reflection of their profitability and that he took more than just profits out of the corporations in an effort to keep pace with wife's requests for money. Finally, contrary to wife's testimony, husband indicated that they did not have a lavish lifestyle while married.

For these reasons, we hold that the evidence supported the trial court's spousal support award and that the trial court did not abuse its discretion in determining the amount of the award.

II.

HUSBAND'S APPEAL, RECORD NO. 1180-99-1

Husband contends on appeal that the trial court erred in (1) valuing husband's business interests because it credited a portion of the testimony of wife's expert, failed to apply certain discounts to value based on husband's minority ownership interest and the lack of marketability of his interest, and considered the parties' opinions as to value; (2) ruling that the value of all marital property, including husband's business interests, should be divided equally when husband originally agreed to an equal division but changed his mind and disputed such division prior to the court's equitable distribution hearing, and (3) refusing to allow him to cross-examine wife on her contributions to husband's acquisition and maintenance of his business interests.

A.

VALUATION OF HUSBAND'S BUSINESS INTERESTS

"When 'a determination of the value of marital property is dispositive of the amount of a monetary award, that determination by the trial court must be reviewable and have a foundation in the evidence presented.'" Jacobs v. Jacobs, 12 Va. App. 977, 979, 406 S.E.2d 669, 670 (1991) (quoting Trivett v. Trivett, 7 Va. App. 148, 155, 371 S.E.2d 560, 564 (1988)). However, in reviewing such an award on appeal, "we recognize that the trial court's job is a difficult one. Accordingly, we

rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case." Artis v. Artis, 4 Va. App. 132, 137, 354 S.E.2d 812, 815 (1987).

We hold first that husband waived any right to contest the trial court's consideration of his or wife's opinions as to the value of husband's interest in the sporting goods stores because he made no contemporaneous objection when the trial court elicited that testimony. See Gelletly v. Commonwealth, 16 Va. App. 457, 460-61, 430 S.E.2d 722, 725 (1993). Once that testimony was admitted without objection, the trial court did not abuse its discretion in considering it.

We also conclude that the evidence supports the trial court's finding that husband's ownership interest in the sporting goods stores had a value of $1,300,000. Although husband attacked the trial court's reliance on the testimony of wife's expert, Dian Calderone, nothing in the record requires a finding that the portions upon which the trial court relied were plainly wrong, and it was within the court's discretion to rely on those figures. Further, the portions of Calderone's testimony on which the court relied were very similar to the testimony of husband's expert, Gregory Lawson. Both experts calculated a book value for the entire corporate entity at approximately $3,700,000. What the trial court did, in essence, was to use husband's figures under the method of valuation

called capitalization of excess earnings which included husband's figure for goodwill. Application of this method resulted in a value of approximately $1,400,000 for husband's thirty-four percent share. This was the same value Lawson obtained before applying discounts for husband's minority ownership and the lack of marketability of the stock.

In essence, then, what husband contests is the trial court's refusal to apply the minority and marketability discounts. Under the facts of this case, we hold the trial court did not abuse its discretion in refusing to apply these discounts. As to the marketability discount, husband's expert represented that the capitalization of excess earnings valuation method represented the total fair market value of a business. Further, no evidence established that husband intended to or would be required to sell any of his ownership interest in order to obtain the funds to pay wife her share of the equitable distribution award. Therefore, we find no error in the court's refusal to apply the marketability discount. See Zipf v. Zipf, 8 Va. App. 387, 395, 382 S.E.2d 263, 267-68 (1989) (upholding equitable distribution award which did not reflect requested marketability discount).

Likewise, we hold the trial court did not abuse its discretion in refusing to discount the value of the stock due to husband's minority ownership interest. The evidence established that husband owned minority interests in most of the stores but

that no other person owned a majority interest in any of these stores either. Although husband testified that other minority shareholders routinely voted together to control the group of corporations, the trial court was free to reject husband's testimony and conclude that husband's minority ownership did not diminish the value of this asset. Compare Jacobs, 12 Va. App. at 979-80, 406 S.E.2d at 670-71 (holding that court erred in failing to consider non-liquidity of wife's minority interest in closely held corporation where, although husband had equal minority ownership interest, husband's father owned the remainder and husband admitted that he had complete control over the corporation, rendering wife's stock "essentially worthless until the corporation is dissolved and its assets liquidated").

For these reasons, we hold that the trial court did not abuse its discretion in valuing husband's interest in the sporting goods business at $1,300,000.

### B.

### PERCENTAGE DIVISION OF MARITAL PROPERTY

The parties' attorneys agreed in proceedings before the court to the equal division of husband's business property, and the parties posed no objection to this agreement. When wife prepared an order for entry by the court embodying the issues resolved in that hearing, including the parties' agreement regarding the equal division of marital property, husband's attorney endorsed it without objection. The trial court found

no mistake of fact or misunderstanding existed over the agreement.  Further, husband admits his original agreement to the equal division but argues that he was entitled to change his mind.  Under Richardson v. Richardson, 10 Va. App. 391, 394-98, 392 S.E.2d 688, 689-91 (1990), we disagree.  The evidence manifests a meeting of the minds and a certainty of terms sufficient to render the agreement binding, see id., especially in light of the court's entry of an order embodying the ruling, to which husband posed no timely objection.  Therefore, we affirm the trial court's equal division of marital property based on the parties' agreement to same.

C.

CROSS-EXAMINATION OF WIFE ON CONTRIBUTIONS TO BUSINESS INTERESTS

Assuming without deciding that husband properly preserved for appeal his objection to the denial of cross-examination, and assuming further that the denial constituted error, we nevertheless hold any error was harmless.  An error of constitutional dimension is "harmless [if] the reviewing court is 'able to declare a belief that it was harmless beyond a reasonable doubt.'"  Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705 (1967)).

Husband asserts on brief that the subject matter on which he sought to cross-examine wife was her contributions to

husband's business interests, which he contends were negative contributions. The only equitable distribution issue on which wife's contributions to husband's business interests was relevant was the court's determination of the proper division of marital property. See Code § 20-107.3(E). However, because we affirm the trial court's division of property pursuant to the parties' agreement and not pursuant to the trial court's evaluation of the statutory factors, see discussion supra Section II.B., wife's contributions, positive or negative, to the "acquisition and care and maintenance" of the marital property were not relevant to the trial court's ruling. Therefore, we conclude that the denial of cross-examination was harmless beyond a reasonable doubt under the facts of this case.

III.

CONCLUSION

For these reasons, we affirm the ruling of the trial court in both wife's appeal, Record No. 1117-99-1, and husband's cross-appeal, Record No. 1180-99-1.

Affirmed.